UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-001290-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE<br><br>(Doc. 8)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

　　　Plaintiff Norvell Andrew is a federal prisoner proceeding *pro se* in this civil rights action mis-filed under both *Bivens*[1] and 42 U.S.C. § 1983.  On September 29, 2022, Plaintiff initiated this action by filing a complaint asserting an Eighth Amendment failure-to-protect claim against Defendants.  (Doc. 1.)

　　　On October 14, 2022, the Court ordered Plaintiff to submit a completed and signed application to proceed *in forma pauperis* or pay the $402.00 filing fee for this action within 45 days.  (Doc. 8.)  Plaintiff has failed to submit an IFP application or pay the filing fee within the requisite time.  The Court advised Plaintiff:  "**No request for an extension of time will be**

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**granted without a showing of good cause**. **Failure to comply with this order may result in a recommendation for the dismissal of this action.**" (*Id.* at 3.)

Because of Plaintiff's failure to comply with this order and advance the litigation, the Court finds it appropriate to recommend entry of an order dismissing this action without prejudice for failure to comply with a court order and failure to prosecute.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth.*, *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, the first factor weighs in favor of dismissal.

With respect to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being

2

subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiff's failure to submit an application to proceed *in forma pauperis* or pay the filing fee as ordered by the Court, is consuming the Court's limited time.  It is also delaying resolution of this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

As to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643.  Because Plaintiff's failure to comply with the Court's order has stalled this litigation, the third factor weighs in favor of dismissal.

Lesser sanctions than dismissal would not be satisfactory to protect the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and claimed *in forma pauperis* eligibility (Doc. 2), monetary sanctions would be ineffective.  Plaintiff has apparently decided to stop prosecuting this case, so excluding evidence would be a meaningless sanction.  Additionally, the dismissal being considered in this case is without prejudice, stopping short of the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Pagtalunan,* 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is HEREBY RECOMMENDED:

1. This case be dismissed without prejudice for Plaintiff's failure to comply with a court order and to prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file

written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

        The Clerk of Court is directed to assigned a district judge to this case.

IT IS SO ORDERED.

Dated: __**December 9, 2022**__             _____
                                                      UNITED STATES MAGISTRATE JUDGE