UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-01290-ADA-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Norvell Andrew is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). On December 27, 2022, Plaintiff filed the instant motion for a preliminary injunction. (Doc. 12.) Although by separate order this date the Court has preliminarily screened Plaintiff's complaint, because this case lacks an operative complaint and Defendants have not been served, this Court does not presently have personal jurisdiction over Defendants or subject matter jurisdiction over this action. Additionally, Plaintiff's request for injunctive relief bears no relationship to the complaint and is rendered moot by Plaintiff's subsequent transfers to different facilities. Under these circumstances, the Court recommends denial of Plaintiff's request for a preliminary injunction.

**I.     BACKGROUND**

On September 27, 2022, while incarcerated at the United States Penitentiary, Coleman,

Florida ("Coleman"), Plaintiff filed a complaint against the United States and employees of the Bureau of Prisons ("BOP") at U.S. Penitentiary, Atwater, California ("Atwater"). Plaintiff alleges prison officials at Atwater failed to protect him from attacks by cellmates, despite knowing of the risks to Plaintiff's safety and life because of his sexual preference and transgender identity. Subsequent to filing the complaint, Plaintiff was transferred to the Federal Transfer Center in Oklahoma City, Oklahoma, and then to U.S. Penitentiary, Adelanto, California ("Adelanto"). (Docs. 1, 17, 18.)

Upon his arrival to Atwater in February 2020, Plaintiff was threatened by his first two assigned cellmates because of his homosexuality. At first, Plaintiff was allowed to stay in a single cell, but when he refused to enter the cell with the second cellmate, he was sent to the Security Housing Unit ("SHU") as punishment. Upon his release from SHU, Plaintiff was attacked by his next three cellmates, which Plaintiff blames on Defendants' refusals to place him in a single cell or with a transgender cellmate. Plaintiff states he received inadequate or no treatment for his serious injuries and pain.

Plaintiff filed the instant motion on December 27, 2022, seeking a preliminary injunction regarding inmate mail at United States Penitentiary, Coleman, Florida ("Coleman"). (Doc. 12.) In particular, Plaintiff alleges the current mail-handling process at Coleman does not ensure that incoming mail is not "lost" or that outgoing mail, including legal mail, is being sent for delivery. For example, on November 17, 2022, Plaintiff gave to a prison official his *in forma pauperis* application, but apparently the Court never received it. (Docs. 15, 18.)

Plaintiff requests this Court "to force defendants in this case to assign a special officer to maintain logs of all incoming and outgoing legal mail in continuous logs . . . ." (Doc. 12.)

**II.     DISCUSSION**

    **A.     Jurisdiction and Rule 65**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009). It may issue preliminary

injunctive relief only if personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit have been established. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Under Rule 65, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). The movant must also give "notice to the adverse party" before the Court can issue injunctive relief. *Id.* at 65(a). A putative defendant "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend." *Murphy Bros.*, 526 U.S. at 350. The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summer*, 555 U.S. at 491–93 (2009).

The Court has concurrently issued a screening order finding some cognizable claims and granting Plaintiff thirty days to respond to the order. Therefore, at this early stage of the proceedings, this case lacks an operative complaint that can be served on Defendants. Without an operative complaint and service on Defendants, there is no case or controversy before the Court, *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983), and Plaintiff's motion for a preliminary injunction is premature.

**B.     Nexus and Transfer**

The injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id.* A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Because Plaintiff's instant request for a preliminary injunction concerning mail handling at Coleman bears no relationship to allegations of attacks by cellmates at Atwater, the Court lacks

authority to grant Plaintiff's motion. Moreover, Plaintiff's transfer from Atwater to Coleman (and subsequently to two other facilities) moots the motion. In other words, because Plaintiff is now housed at Adelanto, he is no longer subject to the problematic mail-handling procedures at Atwater and no longer needs injunctive relief.

### C. *Winter* Factors

Even if the motion were properly before the Court, Plaintiff's request for a preliminary injunction must be denied on the merits. A preliminary injunction may issue only if the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The movant bears the burden of satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Among other things, Plaintiff has not demonstrated in his brief (two-page motion) a likelihood of irreparable harm absent relief. Thus, while he alleges experiencing two instances of mishandled mail, neither incident resulted in harm that was significant, long-lasting or irreversible (indeed, both incidents were remediated). Accordingly, he cannot carry his burden of demonstrating that a preliminary injunction is warranted, particularly where the alleged harm is uncertain and indefinite.

### III. CONCLUSION

Accordingly, it is hereby RECOMMENDED that the Court DENY Plaintiff's motion for a preliminary injunction. (Doc. 12.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these Findings and Recommendations, a party may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

1  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
2  838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
3  IT IS SO ORDERED.
4  Dated: **July 19, 2023**
5                                                                    UNITED STATES MAGISTRATE JUDGE

5