1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   NORVELL ANDREW,                        | Case No. 1:22-cv-01290-KES-CDB (PC)

12              Plaintiff,                   | FINDINGS AND RECOMMENDATIONS
                                            | TO DENY PLAINTIFF'S MOTION FOR
13        v.                                 | PRELIMINARY INJUNCTION

14   UNITED STATES OF AMERICA, *et al.*,     | (Doc. 25)

15              Defendants.

16                                           | ORDER DENYING PLAINTIFF'S MOTION
                                            | FOR APPOINTMENT OF COUNSEL
17                                           | (Doc. 26)

18                                           | **FOURTEEN (14) DAY DEADLINE**

19

20        Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in

21   this civil rights action filed under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388

22   (1971). Pending before the Court is Plaintiff's second motion for preliminary injunction and

23   temporary restraining order (Doc. 25) and motion for appointment of counsel (Doc. 26), both

24   filed March 22, 2024.

25   **I.       BACKGROUND**

26        The Court screened Plaintiff's original complaint on July 20, 2023, and found that the

27   complaint failed to state a claim.  (Doc. 19).  On August 12, 2023, Plaintiff filed a first amended

28   complaint (FAC) in which she names as Defendants the warden, associate warden, and various

1  medical staff, counselors, correctional officers and staff of USP Atwater.  (Doc. 21).  Plaintiff

2  alleges causes of action for cruel and unusual punishment, due process, and "right to medical

3  care" stemming from incidents occurring at USP Atwater while she was housed there in April

4  2020.  Plaintiff has been housed at USP Victorville since as early as February 1, 2023.  (Doc. 18).

5  The Court has not yet screened Plaintiff's FAC.

6  **II.      PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

7          Plaintiff's motion for injunctive relief is unaccompanied by any supporting memorandum,

8  citation to legal authorities or declarations.  It appears from Plaintiff's four-page proposed order

9  that she seeks a preliminary injunction enjoining the DSCC Administrator, and the Warden and

10  Health Services Administrator of USP Victorville, from denying Plaintiff medical treatment for

11  her left eye and left hand and requiring that Plaintiff be taken to bone, eye, glaucoma and

12  gastrointestinal specialists.  Plaintiff also seeks injunctive relief to receive back, pain and nerve

13  medications and to receive silboxone (not to be administered via syringe).

14          Separately, Plaintiff seeks to be placed in a "low custody prison," specifically FCC

15  Yazoo, and for her classification points to be re-scored.  Plaintiff also seeks for custodial staff to

16  cease placing holdover inmates on lockdown with regular inmate population, to place televisions

17  in the holdover unit, to ensure SHU inmates receive books from the mail and be permitted to use

18  ink pens, to give certain commissary privileges to SHU inmates, and to permit library access on

19  lockdowns.  Also, Plaintiff seeks to enjoin the named parties from sending Plaintiff to active

20  yards given her "bad standings" with former gang members.

21          From her proposed order granting a preliminary injunction, Plaintiff appears to additional

22  forms of relief, including better and more equitable access to religious meals, prescribed medical

23  marijuana, and to have an "erroneous sexual predator designation removed from my record."

24          **A.      Jurisdiction and Rule 65**

25          "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

26  *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking a

27  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

28

2

1    suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

2    favor, and that an injunction is in the public interest." *Id.* at 20.

3             A "federal court may issue an injunction [only] if it has personal jurisdiction over the

4    parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights

5    of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n

6    injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .

7    and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible

8    breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting

9    *Zepeda*, 753 F.2d at 727, 728 n.1). Furthermore, the pendency of this action does not give the

10   Court jurisdiction to enjoin non-parties based on conduct unrelated to the suit *sub judice*. *See*

11   Fed. R. Civ. P. 65(d) (an injunction may bind only the parties, their officers, agents, servants,

12   employees, and attorneys, and other persons "in active concert or participation" with those

13   persons).  In other words, the Court's jurisdiction is limited to the parties in this action and to the

14   viable legal claims upon which this action is proceeding.  *Id*.

15            Separately, the injunctive relief sought must be related to the claims brought in the

16   complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

17   2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the

18   court does not have the authority to issue an injunction."). In other words, "there must be a

19   relationship between the injury claimed in the motion for injunctive relief and the conduct

20   asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470,

21   471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the

22   underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief.  *Id.* A

23   preliminary injunction only is appropriate when it grants relief of the same nature as that to be

24   finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

25        **B.        Discussion**

26            Here, the Court lacks jurisdiction to issue the orders Plaintiff seeks. Plaintiff's first

27   amended complaint names defendants employed at USP Atwater during the incident giving rise

28   to Plaintiff's claims (in April 2020). (*See* Doc. 21).  Plaintiff's pending motion names

1    Defendants employed at USP Victorville – a location outside of this Court's jurisdiction – for

2    events unrelated to and occurring long after the events pleaded in Plaintiff's as-yet screened first

3    amended complaint.  Thus, this Court does not have personal jurisdiction or subject matter

4    jurisdiction over prison officials at USP Victorville to whom the orders Plaintiff seeks would be

5    directed.  Hence, this Court cannot take any action on Plaintiff's requests. *See Pac. Radiation*

6    *Oncology,* 810 F.3d at 633; Fed. R. Civ. P. 65(d).

7    **III.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

8          In her separate motion for appointment of counsel, Plaintiff states that the Court denied

9    an earlier request for appointment of counsel.  (Doc. 26 ¶ 4).  A review of the docket reflects that

10   assertion is untrue as Plaintiff has not before filed a motion for appointment of counsel.  Plaintiff

11   advances three grounds warranting appointment of counsel: (1) she cannot afford counsel; (2)

12   her imprisonment, limited access to a law library and lack of legal knowledge limits her ability to

13   litigate the case; and (3) appointed counsel would "enable Plaintiff to present evidence and cross

14   examine witnesses.

15         Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand*

16   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952,

17   954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28

18   U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court,* 490 U.S. 296, 304-05 (1989). However, in

19   "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant

20   to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

21         Given that the Court has no reasonable method of securing and compensating counsel,

22   the Court will seek volunteer counsel only in extraordinary cases. In determining whether

23   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

24   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

25   complexity of the legal issues involved." *Id.* (internal quotation marks & citations omitted).

26         The Court must evaluate the likelihood of Plaintiff's success on the merits of his claim.

27   Here, while Plaintiff's original complaint was screened as required by 28 U.S.C. § 1983 and

28   found not to state a claim upon which relief may be granted (*see* Doc. 19), Plaintiff filed a first

4

1   amended complaint in an attempt to remedy the discrepancies noted in the Court's screening

2   order.  (Doc. 21).  Because the Court has not yet screened the first amended complaint, it is

3   premature to determine whether the claims asserted are likely to succeed on the merits. *See, e.g.,*

4   *Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July

5   26, 2023) ("A likelihood of success on the merits determination is not the same as that required

6   at screening; at screening, the Court is tasked with determining whether a plaintiff has

7   sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The

8   merits of the allegations are not tested, for the Court is to consider factual allegations to be true

9   for purposes of screening").

10   　　　The Court must also evaluate Plaintiff's ability to articulate her claims pro se in light of

11   the complexity of the legal issues involved. Here, the Court notes that Plaintiff's filings as

12   directed by the Court have been responsive to the Court's directions and reflect Plaintiff is

13   logical and articulate. (*Cf.*  Docs. 20 and 21). The Court finds Plaintiff is able to articulate her

14   claims in light of their complexity. More specifically, in her as-yet screened first amended

15   complaint, Plaintiff thoroughly outlined in a 15-page, single-spaced narrative the relevant

16   chronology of events and the theories behind her claims for relief. Neither the claims asserted

17   nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–

18   29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not

19   find the issues in this case "so complex that due process violations will occur absent the presence

20   of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that

21   "[a]lthough discovery was essential..., the need for such discovery does not necessarily qualify

22   the issues involved as 'complex'"); *Headley v Fisher*, No. 06 Civ. 6331 (PAC) (KNF), 2008 WL

23   2676601, at *2 (S.D.N.Y. July 7, 2008) ("the factual issues concerning Headley's retaliation and

24   due process claims is straightforward and not complex"). Notably too, Plaintiff filed an earlier

25   motion for preliminary injunction in this action (Doc. 12), as well as other pleadings for relief

26   (Docs. 11, 13). These filings likewise show an ability to articulate her claims pro se. *LaMere v.*

27   *Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for

28

1  appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of

2  the issues and the ability to present forcefully and coherently his contentions").

3      Next, neither incarceration nor indigency are exceptional circumstances warranting the

4  appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC), 2023 WL

5  6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022

6  WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an

7  exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556

8  KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford

9  counsel has no bearing on either his likelihood of success on the merits or his ability to articulate

10  his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3

11  (E.D. Cal. Dec. 10, 2018); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at

12  *2 (E.D. Cal. June 11, 2010).

13      The fact an attorney would be better prepared to litigate and try this action does not

14  amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113

15  F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court

16  denied appointment of counsel despite fact that pro se prisoner "may well have fared better-

17  particularly in the realm of discovery and the securing of expert testimony"); *Courtney v.*

18  *Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020)

19  (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing

20  civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v.*

21  *Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011)

22  (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not

23  indicate the presence of complex legal issues warranting a finding of exceptional

24  circumstances").

25      Also, there is little doubt most pro se litigants "find it difficult to articulate [their]

26  claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331.

27  For this reason, in the absence of counsel, federal courts employ procedures which are highly

28  protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding

1   pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se

2   in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any

3   benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

4   1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v.*

5   *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his

6   claims" in light of the relative complexity of the matter, the "exceptional circumstances" which

7   might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer*

8   *v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

9           In sum, the Court finds no exceptional circumstances warranting the appointment of

10   counsel in this matter. *Rand*, 113 F.3d at 1525

11   **IV.    CONCLUSION**

12           Accordingly, it is HEREBY ORDERED that Plaintiff's motion for appointment of

13   counsel (Doc. 26) is DENIED.

14           And it is FURTHER RECOMMENDED that the Court DENY Plaintiff's motion for a

15   preliminary injunction. (Doc. 25).

16           These Findings and Recommendations will be submitted to the United States District

17   Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen**

18   **(14) days** after being served with these Findings and Recommendations, a party may file written

19   objections with the Court. The document should be titled, "Objections to Magistrate Judge's

20   Findings and Recommendations." Parties are advised that failure to file objections within the

21   / / /

22   / / /

23   / / /

24   / / /

25

26

27

28

7

1  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

2  838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3  IT IS SO ORDERED.

4  Dated:   **March 25, 2024**

5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28