UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>                Plaintiff,<br><br>         v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF**<br><br>(Docs. 30 & 33) |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.     INTRODUCTION**

On March 22, 2024, Plaintiff filed a document titled "Order to Show Cause for a Preliminary Injunction & Temporary Restraining Order" in which Plaintiff requested various forms of injunctive relief relating to her medical care. (Doc. 25.) On March 26, 2024, the undersigned issued Findings and Recommendations to the motion. (Doc. 28.) Those findings remain pending and will be considered by District Judge Kirk E. Sherriff in due course.

On April 10, 2024, Plaintiff filed a document titled "Preliminary Injunction TRO 65" (Doc. 30) and on May 3, 2024, Plaintiff filed a document titled "Preliminary Injunction TRO Rule 65" (Doc. 33).

## II.     DISCUSSION

**The Motion Filed April 10, 2024 (Doc. 30)**

Plaintiff's motion states she "just filed an amended complaint adding several defendants including DSCC administrator unknown." (Doc. 30 at 1.) Plaintiff contends she has "again been designated to another active prison USP Beaumont where [she] cannot walk and will eventually have to sign on protective custody by DSCC staff." (*Id*.) She states she has repeatedly written to DSCC staff and an administrator yet she "is constantly being sent to active prisons even though DSCC knows Plaintiff is a snitch and transgender." (*Id*.) Plaintiff seeks to be "redesignated to a low in FCC Yazoo," "to be safe," the appointment of counsel,[1] a hearing on the merits of the motion,[2] and any other relief the Court deems fit. (*Id*. at 1-2.)

**The Motion Filed May 3, 2024 (Doc. 33)**

Plaintiff contends she is constantly being placed in imminent danger "by being housed around active Mickey Cobra/Vice Lord and or South Cal members." (Doc. 33 at 1.) She asserts she has repeatedly written to the "DSCC administrator seeking to be housed at a protective custody prison" or to have her "points corrected" without success. (*Id*.) Plaintiff alleges that because "all requests have been denied or ignored," she is "constantly being placed on active yards even after being assaulted repeatedly and signing on protective custody" at nearly every prison she has been assigned to. (*Id*.) Plaintiff seeks to have her "points fixed and to be housed at the proper custody level," "protection from all active Mickey Cobra, Vice Lord, Latin King, Black Stone & South Cal gang members," a hearing on the motion, and other relief deemed appropriate. (*Id*.)

### *The Applicable Legal Standards*

As Plaintiff was previously advised in the Findings and Recommendations issued March 26, 2024:

---

[1] Plaintiff's request for the appointment of counsel was denied in the Court's March 26, 2024, order. (*See* Doc. 28 at 4-7.) The Court will not revisit the request here as Plaintiff fails to offer any new or additional basis for the request, nor does Plaintiff make any attempt to meet the applicable legal standards for the appointment of counsel.

[2] This Court's Local Rule 230(*l*) provides that motions in prisoner actions "shall be submitted upon the record without oral argument unless otherwise ordered by the Court."

> "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.
>
> A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1). Furthermore, the pendency of this action does not give the Court jurisdiction to enjoin non-parties based on conduct unrelated to the suit *sub judice*. *See* Fed. R. Civ. P. 65(d) (an injunction may bind only the parties, their officers, agents, servants, employees, and attorneys, and other persons "in active concert or participation" with those persons). In other words, the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Id*.
>
> Separately, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id.* A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

(Doc. 28 at 2-3.)

### *Analysis*

As reflected on the Court's docket and in Plaintiff's most recent motion, she is presently housed at the United States Penitentiary in Beaumont, Texas. (*See* Docs. 32-34.) Plaintiff's pending motions both involve that facility — a location outside of the Court's jurisdiction because Plaintiff's claims in this action involve defendants employed at the United States Penitentiary in Atwater, California, rather than those in Beaumont, Texas.

3

To the extent Plaintiff's April 10, 2024, motion indicates she filed an amended complaint naming additional defendants that involve officials at the Beaumont, Texas federal penitentiary, as noted in the Court's Second Screening Order issued May 6, 2024, the amended complaint *lodged* on March 22, 2024, was stricken by Court because it included new or additional claims unrelated to the claims originally asserted; such claims must be brought in a separate action and may not be asserted in this action. (*See* Doc. 35 at 1-2, 18.) Again, Plaintiff's original and first amended complaint involve defendants employed at the facility in Atwater, California. New claims against officials at other federal prison facilities may not be properly brought in this action. *See* Fed. R. Civ. P. 18 & 20. Therefore, as before, the Court does not have personal or subject matter jurisdiction to grant injunctive relief. *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). As a result, the Court will recommend Plaintiff's motions be denied.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for injunctive relief (Docs. 30 & 33) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 29, 2024**                                   /s/ _____
                                                        UNITED STATES MAGISTRATE JUDGE