UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER**<br><br>**14-DAY DEADLINE TO RESPOND** |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.     INTRODUCTION**

The Court issued its Second Screening Order on May 6, 2024. (Doc. 35.) The Court found Plaintiff's first amended complaint stated cognizable Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson, Vandenover, and Zaragoza, as well as Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres. (*Id*. at 11-17.) However, the Court also found Plaintiff failed to allege any other cognizable claim against any other named Defendant. (*Id*.) Plaintiff was directed to do one of the following within 21 days of the date of service of the order: (1) to notify the Court in writing that she does not wish to file a second amended complaint and was willing to proceed

only on the Eighth Amendment claims found cognizable (referenced above), the remaining claims against any defendant to be dismissed; *or* (2) to file a second amended complaint curing the deficiencies identified by the Court in the screening order; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 18-19.) More than 21 days have elapsed and Plaintiff has failed to respond to the Court's order.

## II.   DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to respond to the Court's Second Screening Order.[1] Despite the passage of more than 21 days, Plaintiff has failed to notify the Court that she wishes to proceed on her cognizable claims, *or* to file a first amended complaint, *or* to file a notice of voluntary dismissal.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for her failure to comply with the Court's order of May 6, 2024. Alternatively, within that same time, Plaintiff may (1)

---

[1] Plaintiff was warned as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (*See* Doc. 35 at 19.)

1 notify the court she does not wish to file a second amended complaint and is willing to proceed
2 only on her Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau,
3 Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer,
4 Scott, Simpson, Vandenover, and Zaragoza, and Eighth Amendment deliberate indifference to
5 serious medical needs claims against Defendants Palenteghi and Spheres, with the remaining
6 claims against any defendant to be dismissed; *or* (2) file a second amended complaint curing the
7 deficiencies identified by the Court in the screening order; *or* (3) file a notice of voluntary
8 dismissal.

**Failure to comply with this Order to Show Cause will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **June 4, 2024**                          _____
                                                                  UNITED STATES MAGISTRATE JUDGE

3