|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | EASTERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 11 | NORVELL ANDREW, | Case No.: 1:22-cv-01290-KES-CDB |
| 12 | Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE** |
| 13 | v. | |
| 14 | UNITED STATES OF AMERICA, et al., | |
| 15 | Defendants. | |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.    INTRODUCTION**

On May 6, 2024, this Court issued its Second Screening Order. (Doc. 35.) Specifically, the Court determined that Plaintiff's first amended complaint alleged cognizable Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson, Vandenover, and Zaragoza, as well as cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres; however, it failed to allege any other cognizable claim against any other named defendant. (*Id*. at 5-17.) Plaintiff was directed to do one of the following within 21 days: (1) to notify the Court in writing that she did not wish to file a second amended complaint and was willing to proceed only on the Eighth

Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson, Vandenover, and Zaragoza, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres; the remaining claims against any defendant to be dismissed; *or* (2) to file a second amended complaint curing the deficiencies identified by the Court; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 17-19.)

When more than 21 days passed without Plaintiff making any filings in this action, on June 5, 2024, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order. (Doc. 37.) Plaintiff was ordered to show cause in writing, within 14 days, why the action should not be dismissed for her failure to comply with the Court's May 6, 2024, order, or in the alternative, to comply with the Second Screening Order. (*Id*. at 2-3.) More than 14 days have passed, and Plaintiff has failed to comply with or respond to the OSC in any way.

## II.  DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

2

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to respond to the Court's May 6, 2024, and June 5, 2024, orders. Plaintiff's failure to respond to the Second Screening Order and to the OSC weigh in favor of dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's Second Screening Order directed Plaintiff to file a notice indicating she was willing to proceed on her cognizable claims, or to file a second amended complaint, or to file a notice of voluntary dismissal, within 21 days. And the OSC provided Plaintiff with another opportunity to comply with the Second Screening Order. Nevertheless, because Plaintiff has failed to comply with the Second Screening order and the OSC, her inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. She has instead failed to comply with this Court's orders. Therefore, the fourth factor — the public policy

favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued October 11, 2023, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 7 at 1.) Next, in the Second Screening Order, Plaintiff was advised as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 35 at 19, emphasis in original.) And, in the OSC, Plaintiff was further cautioned: "**Failure to comply with this Order to Show Cause will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders**." (Doc. 37 at 3, emphasis in original.) Therefore, the undersigned finds Plaintiff had adequate warning that dismissal could result from her noncompliance with court orders. Thus, the fifth factor — the availability of less drastic sanctions — weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendations will be submitted to the district judge assigned to

4

this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 27, 2024**

UNITED STATES MAGISTRATE JUDGE