UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. 38)<br><br>**ORDER STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT FILED JULY 1, 2024**<br><br>(Doc. 39)<br><br>**ORDER DIRECTING PLAINTIFF TO RE-FILE SECOND AMENDED COMPLAINT WITHIN 21 DAYS** |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.    RELEVANT BACKGROUND**

On May 6, 2024, this Court issued its Second Screening Order. (Doc. 35.) Specifically, the Court determined that Plaintiff's first amended complaint alleged cognizable Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson,

Vandenover, and Zaragoza, as well as cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres; however, it failed to allege any other cognizable claim against any other named defendant. (*Id*. at 5-17.) Plaintiff was directed to do one of the following within 21 days: (1) to notify the Court in writing that she did not wish to file a second amended complaint and was willing to proceed only on the Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson, Vandenover, and Zaragoza, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres; the remaining claims against any defendant to be dismissed; *or* (2) to file a second amended complaint curing the deficiencies identified by the Court; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 17-19.)

When more than 21 days passed without Plaintiff filing a response, on June 5, 2024, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order. (Doc. 37.) Plaintiff was ordered to show cause in writing, within 14 days, why the action should not be dismissed for her failure to comply with the Court's May 6, 2024, order, or in the alternative, to comply with the Second Screening Order. (*Id*. at 2-3.)

When more than 14 days passed without a response to the OSC, the Court issued its Findings and Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 38.)

On July 1, 2024, Plaintiff filed a second amended complaint (Doc. 39) and a motion for preliminary injunction[1] (Doc. 40).

**II.    DISCUSSION**

The Court will vacate its Findings and Recommendations issued June 28, 2024. Plaintiff filed a second amended complaint, dated and signed June 17, 2024 (Doc. 39 at 12), thus complying with the OSC issued on June 5, 2024.

Nevertheless, a review of Plaintiff's second amended complaint reveals it does not comply with the Court's Second Screening Order. Therefore, the second amended complaint filed July 1,

---

[1] This motion is addressed by separate order.

2

2024, will be stricken for the reasons explained below. Plaintiff will be directed to re-file her second amended complaint in compliance with the Second Screening Order and this Order.

The Court's May 6, 2024, Second Screening Order directed Plaintiff to file any second amended complaint within 21 days. (Doc. 35 at 18-19.) Relevant here, Plaintiff was advised that "any second amended complaint must be 'complete in itself without reference to the prior or superseded pleading.' Local Rule 220." (*Id*. at 18.) Notably too, the Clerk of the Court was directed to send Plaintiff a blank civil rights complaint form. (*Id*.) A review of the second amended complaint filed on July 1, 2024, reveals Plaintiff did not use the blank civil rights complaint form provided to her. Although Plaintiff was not previously required to use the form provided, the pleading submitted on July 1, 2024, is deficient as it fails to list the defendants to be named in the complaint. Nor does it readily identify the causes of action or claims to be presented. Rather, Plaintiff has submitted a pleading that provides only a nine-page factual narrative followed by a four-page "prayer for relief." (*See* Doc. 39.)

As Plaintiff has been repeatedly advised (*see* Doc. 19 at 2-3 & Doc. 35 at 2-3), Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff is required to briefly identify the conduct alleged as to each defendant for each *claim*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). The Court will not expend its limited and overtaxed resources to cull through Plaintiff's deficient second amended complaint to discern what claim or claims Plaintiff intended to present and against whom she intended to present them. As a result, Plaintiff will be directed to re-file her second amended complaint *using the blank civil rights complaint form that will be provided with this order*. In that way, Plaintiff will be directed to plainly identify all defendants to be named in this action, to identify what causes of action or claims are directed to which named defendants, and to provide the facts relevant to those causes of action or claims.

Next, the Court notes Plaintiff's vague and conclusory references to the "FTCA" in the "Prayer for Relief" section of her second amended complaint. The Federal Tort Claims Act (FTCA) authorizes tort actions against the United States if the United States, as a private person,

would be liable to the plaintiff under California tort law. *United States v. Olson*, 546 U.S. 43, 44 (2005); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001). "[T]he United States is the only proper party defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). The Bureau of Prisons is not a proper defendant in an FTCA action. *See FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (although FTCA claims can arise from acts or omissions of federal agencies, "an agency itself cannot be sued under the FTCA"). Here, Plaintiff's July 1, 2024, filing does not readily identify any California tort law. It is therefore unclear upon what basis Plaintiff seeks to hold the United States liable for a violation of California law. Further, Plaintiff is advised that before she can file an FTCA action, she must exhaust administrative remedies for her claim. 28 U.S.C. § 2675(a); *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) ("An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing"). Exhaustion of an FTCA claim is different from exhaustion of administrative remedies for purposes of a *Bivens* action. 28 U.S.C. § 2675(a); *see also* 28 U.S.C. § 2671; *Petty v. Shojaei*, No. EDCV 12-1220 JAK (SS), 2013 WL 5890136, at *3 n.3 (C.D. Cal. Oct. 31, 2013) ("[P]rison grievances are not sufficient to exhaust administrative remedies under the FTCA because exhaustion requirements for administrative remedies through the [Bureau of Prisons'] inmate grievance system differ from the exhaustion requirements for filing a claim under the FTCA"); accord *Gelazela v. United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9-10 (E.D. Cal. Dec. 1, 2022) (comparing 28 C.F.R. §§ 542.13–15 (Bureau of Prisons administrative grievance procedures) with 28 C.F.R. §§ 543.30–32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons)). Plaintiff should familiarize herself with the relevant FTCA provisions and requirements to ensure any FTCA claim is adequately pled in any second amended complaint.

Finally, Plaintiff is cautioned that her failure to comply with this Court's orders, and in particular deadlines associated with any order, will not be tolerated.[2] Plaintiff was ordered to file

---

[2] Plaintiff was warned in this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued October 11, 2022, that "[i]n litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure …, and the Local Rules of the United States District Court, Eastern District of California …, as modified

4

a second amended complaint within 21 days of the May 6, 2024, screening order. Instead, Plaintiff ignored the deadline, necessitating the issuance of an OSC for her failure to file a timely amended complaint. When Plaintiff did not appear to have timely responded to the OSC, the Court then issued its Findings and Recommendations to dismiss for Plaintiff's failure to obey court orders and failure to prosecute. While the Court will vacate its Findings and Recommendations to dismiss this action in light of Plaintiff's July 1, 2024, submission, the Court remains skeptical that Plaintiff provided those submissions to prison officials for mailing on June 17, 2024, the date Plaintiff signed the pleadings. It is atypical for mail sent from Texas on June 17, 2024, to be received in California fourteen days later on July 1, 2024. Further, the Court notes neither submission included a proof of service. Local Rule 135, consistent with Rule 5 of the Federal Rules of Civil Procedure, requires a proof of service be submitted when serving "any pleading, notice, motion, or other document." Local Rule 135(c). Further, this Court's First Informational Order in Prisoner/Civil Detainee Case, issued October 11, 2022, advised Plaintiff of that requirement: "on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed." (Doc. 7 at 4.) That order also provided Plaintiff with a blank Proof of Service form for her use. (*Id*. at 6.) Moving forward, Plaintiff is reminded she must submit a proof of service with her filings in this action and that deficient documents will be stricken or returned. Any future filing made after the deadline without a proof of service will be deemed untimely.

In summary, the recommendations to dismiss this action will be vacated and Plaintiff's second amended complaint filed July 1, 2024, will be stricken. Plaintiff must re-file her second amended complaint, within 21 days, using this Court's blank civil rights complaint form. Plaintiff shall complete each section of the form, including the section requiring the identification of all

---

by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. …" (Doc. 7 at 1.) That order further advised: "Absent good cause, all Court deadlines are strictly enforced." (*Id*. at 5.)

defendants to be named in the action, and shall separately assert each claim and the factual allegations pertaining to each claim. And Plaintiff shall include a proof of service for all pleadings presented for filing in this Court.

### III.     CONCLUSION AND ORDER

For the reasons state above, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to prosecute, issued on June 28, 2024 (Doc. 38), are **VACATED**;
2. The second amended complaint filed July 1, 2024 (Doc. 39) is **STRICKEN**;
3. The Clerk of the Court is **DIRECTED** to send Plaintiff a blank civil rights complaint form; and
4. Plaintiff **SHALL** use the civil rights complaint form to re-file her amended complaint, to be labeled "Second Amended Complaint," **within 21 days** of the date of service of this order.

**Failure to obey this order will result in a recommendation that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 3, 2024**                                    _____
                                                             UNITED STATES MAGISTRATE JUDGE