UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>    Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 40)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

### I.     RELEVANT BACKGROUND

On December 27, 2022, Plaintiff filed a document titled "Preliminary Injunction." (Doc. 12.) On July 20, 2023, the undersigned issued Findings and Recommendations to Deny Plaintiff's Motion for Preliminary Injunction. (Doc. 20.) On October 25, 2023, then assigned District Judge Ana de Alba[1] issued her Order Adopting Findings and Recommendations and Denying Motion for Preliminary Injunction. (Doc. 22.)

On March 22, 2024, Plaintiff filed a document titled "Order to Show Cause for a Preliminary Injunction & Temporary Restraining Order." (Doc. 25.) On March 26, 2024, the

---

[1] This matter was ultimately reassigned to District Judge Kirk E. Sheriff following Judge de Alba's elevation to the Ninth Circuit Court of Appeals. (*See* Docs. 23 & 24.)

1 undersigned issued Findings and Recommendations to Deny Plaintiff's Motion for Preliminary
2 Injunction. (Doc. 28.) Those findings remain pending and will be considered by District Judge
3 Kirk E. Sherriff in due course.

4       Thereafter, on April 10, 2024, Plaintiff filed a document titled "Preliminary Injunction
5 TRO 65" (Doc. 30) and on May 3, 2024, Plaintiff filed a document titled "Preliminary Injunction
6 TRO Rule 65" (Doc. 33). Responding to Plaintiff's second and third requests, on May 29, 2024,
7 the undersigned issued Findings and Recommendations to Deny Plaintiff's Motions for Injunctive
8 Relief. (Doc. 36.) Those findings also remain pending and will be considered by District Judge
9 Sherriff in due course.

10       On July 1, 2024, Plaintiff filed a document titled "Preliminary Injunction." (Doc. 40.) This
11 filing is Plaintiff's fourth motion seeking injunctive relief.

12 **II.  DISCUSSION**

13       Plaintiff's latest motion states she has previously sought injunctive relief from the Court
14 "and been denied and now finds herself in need to request injunctive relief again." (Doc. 40 at 1.)
15 Briefly stated, Plaintiff asserts that actions taken by officials at USP Beaumont where she is
16 presently housed, between April 8, 2024, and now, result in her being attacked by other inmates.
17 (Id.) She asks to be "placed on a drop-out yard," to receive medical treatment for her "eye being
18 off center" and her broken hand, a hearing on the merits of her motion, and any other appropriate
19 relief. (*Id*. at 2.)

20       *The Applicable Legal Standards*

21       As Plaintiff has been advised on previous occasions (*see, e.g.,* Doc. 20 at 2-3, Doc. 28 at
22 2-3 & Doc. 36 at 2-3), "[a] preliminary injunction is an extraordinary remedy never awarded as of
23 right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff
24 seeking a preliminary injunction must establish that he or is likely to succeed on the merits, that
25 he or she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance
26 of equities tips in his or her favor, and that an injunction is in the public interest." *Id*. at 20.

27       A "federal court may issue an injunction [only] if it has personal jurisdiction over the
28 parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of

2

1    persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n
2    injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .
3    and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible
4    breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting
5    *Zepeda*, 753 F.2d at 727, 728 n.1). Furthermore, the pendency of this action does not give the
6    Court jurisdiction to enjoin non-parties based on conduct unrelated to the suit *sub judice*. *See* Fed.
7    R. Civ. P. 65(d) (an injunction may bind only the parties, their officers, agents, servants,
8    employees, and attorneys, and other persons "in active concert or participation" with those
9    persons). In other words, the Court's jurisdiction is limited to the parties in this action and to the
10   viable legal claims upon which this action is proceeding. *Id*.

11   Separately, the injunctive relief sought must be related to the claims brought in the
12   complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.
13   2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the
14   court does not have the authority to issue an injunction."). In other words, "there must be a
15   relationship between the injury claimed in the motion for injunctive relief and the conduct
16   asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470,
17   471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying
18   complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id*. A preliminary
19   injunction only is appropriate when it grants relief of the same nature as that to be finally granted.
20   *Id*. (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

21   *Analysis*

22   As reflected on the Court's docket and in her instant motion, Plaintiff remains housed at
23   the United States Penitentiary in Beaumont, Texas. (*See* Doc. 40.) Plaintiff's instant motion once
24   again involves that facility — a location outside of the Court's jurisdiction because Plaintiff's
25   claims in this action involve defendants employed at the United States Penitentiary in Atwater,
26   California.

27   As this Court has previously explained (*see* Doc. 36), because Plaintiff's claims in this
28   action involve defendants employed at the federal prison facility in Atwater, California—not

3

defendants employed at the facility in Beaumont, Texas—this Court does not have personal or subject matter jurisdiction over prison officials in Beaumont, Texas. Therefore, the Court cannot grant the relief Plaintiff seeks. *See Zepeda*, 753 F.2d at 727; *Pac. Radiation Oncology, LLC*, 810 F.3d at 633. Stated plainly, in order to seek and possibly obtain injunctive relief for the actions referenced in the instant motion, occurring in Beaumont, Texas, between April 8, 2024, and the present, Plaintiff must seek relief in a Texas court. The Eastern District of California is not the appropriate court from which to seek relief for actions taken by officials located in another state. This Court cannot "'enjoin all possible breaches of the law.'" *Price*, 390 F.3d at 1117. Because this Court cannot grant the relief Plaintiff seeks, the undersigned will once again recommend Plaintiff's motion be denied.

Finally, Plaintiff is advised that this Court is one of the busiest district courts in the nation. Plaintiff has now filed three repetitive, unjustified motions with the Court, causing delay in this proceeding and the waste of judicial resources. Plaintiff does not appear to appreciate that her motions for injunctive relief sought against parties who are not named in this action cannot be granted because the Court lacks jurisdiction. Instead, Plaintiff has chosen repeatedly to ignore the Court's previous findings that explain why it cannot grant the relief she seeks. Plaintiff is advised that in the event she continues to file motions for injunctive relief that do not establish this Court's jurisdiction and/or do not demonstrate that the four *Winter* factors have been met, the undersigned may choose to recommend dismissal of this action for Plaintiff's failure to obey court orders, declare Plaintiff a vexatious litigant restricted from further filings in this Court, and/or impose other sanctions

### III.  CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Doc. 40) be **DENIED**.

//

//

//

//

4

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 3, 2024**

UNITED STATES MAGISTRATE JUDGE