UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF JULY 23, 2024**<br><br>(Doc. 43) |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

## I.　PROCEDURAL BACKGROUND

On May 6, 2024, this Court issued its Second Screening Order. (Doc. 35.) Specifically, the Court determined that Plaintiff's first amended complaint alleged cognizable Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson, Vandenover, and Zaragoza, as well as cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres; however, it failed to allege any other cognizable claim against any other named defendant. (*Id*. at 5-17.) Plaintiff was directed to do one of the following within 21 days: (1) to notify the Court in writing that she did not wish to file a second amended complaint and was willing to proceed only on the Eighth

Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Cervantes, Ceja, Ciolli, Dewilde, Heldman, Haslett, Lopez, Lyons, McClure, Schaffer, Scott, Simpson, Vandenover, and Zaragoza, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Palenteghi and Spheres; the remaining claims against any defendant to be dismissed; *or* (2) to file a second amended complaint curing the deficiencies identified by the Court; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 17-19.)

When more than 21 days passed without a response, on June 5, 2024, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order. (Doc. 37.) Plaintiff was ordered to show cause in writing, within 14 days, why the action should not be dismissed for her failure to comply with the Court's May 6, 2024, order, or in the alternative, to comply with the Second Screening Order. (*Id*. at 2-3.)

When more than 14 days passed without a response to the OSC, the Court issued its Findings and Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 38.)

On July 1, 2024, Plaintiff filed a second amended complaint (Doc. 39) and a motion for preliminary injunction[1] (Doc. 40).

On July 8, 2024, the Court issued its Order Vacating Findings and Recommendations to Dismiss This Action for Plaintiff's Failure to Obey Court Orders and Failure to Prosecute; Order Striking Plaintiff's Second Amended Complaint Filed July 1, 2024; and Order Directing Plaintiff to Re-File Second Amended Complaint Within 21 Days. (Doc. 41.)

On July 23, 2024, Plaintiff filed a document titled "Motion to Reconsider." (Doc. 43.)

**II.    DISCUSSION**

In her "Motion to Reconsider," Plaintiff states she was assaulted and suffered a broken hand on June 12, 2024, making writing difficult due to the pain. (Doc. 43.) She states she "filed an amended complaint on about 6-17-24 and gave it to Officer Unknown Jordan to mail out."

---

[1] Findings and Recommendations to Deny Plaintiff's Motion for Preliminary Injunction (Doc. 42) issued on July 8, 2024. Any objections to those findings were due by July 22, 2024, plus time for mailing. To date, no objections have been filed.

(*Id*.) She indicates the Court "should have already received said amended complaint," and asks the Court to "reconsider [its] motion to dismiss [her] cause." (*Id*.) The document is dated and signed July 7, 2024. (*Id*.)

The Court construes Plaintiff's filing to be her objections to the Court's June 28, 2024, Findings and Recommendations concerning dismissal.[2] In any event, Plaintiff's objections are now moot. The Court vacated those findings on July 8, 2024, one day *after* Plaintiff signed her document. The Court presumes Plaintiff has since received its Order vacating the June 28, 2024, findings, as more than two weeks have elapsed since the July 8, 2024, order was served to Plaintiff at her address of record. Out of an abundance of caution, the Court will direct the Clerk of the Court to send Plaintiff a copy of the July 8, 2024, order.

Next, the Court reminds Plaintiff that its review of her second amended complaint filed July 1, 2024, revealed it did not comply with the Court's Second Screening Order. (*See* Doc. 41 at 2-3.) The second amended complaint was deficient because it failed to identify the named defendants and did not readily identify the causes of action or claims to be presented. (*Id*. at 3.) Plaintiff was cautioned that a failure to comply with the Court's orders, and in particular deadlines, would not be tolerated. (*Id*. at 3-4.) Next, Plaintiff was reminded of her obligation to submit a proof of service with her filings as the Court was skeptical concerning the date Plaintiff purportedly submitted her pleading considering the time elapsed between the alleged submission to prison officials and the Court's receipt of that submission. (*Id*.) In addition to vacating its June 28, 2024, findings, the Court struck Plaintiff's second amended complaint, directed the Clerk of the Court to send Plaintiff a blank civil rights complaint form, and ordered Plaintiff to use the civil rights complaint form to re-file her second amended complaint within 21 days of the date of service of that order. (*Id*. at 6.)

Given Plaintiff's hand injury, the Court will extend the deadline for the re-filing of Plaintiff's second amended complaint. Plaintiff will be afforded an additional 21 days within which to do so. Plaintiff is again cautioned that deadlines will be strictly enforced. If Plaintiff

---

[2] Neither Rule 59(e) nor Rule 60(b) apply here because the undersigned's findings and recommendations to the assigned district judge are not a final judgment.

needs additional time to comply with any deadline imposed by the Court, she shall file a request for an extension of time of that deadline. *See* Local Rule 144. (*See also* Doc. 7 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case, ¶ VII].)

### III.   CONCLUSION AND ORDER

For the reasons stated above, this Court **ORDERS**:

1. Plaintiff's "Motion to Reconsider" (Doc. 43), construed by the Court to be her objections to the Findings and Recommendations issued June 28, 2024, is **RESOLVED** as moot;

2. The Clerk of the Court is **DIRECTED** to provide Plaintiff with a copy of this Court's Order Vacating Findings and Recommendations to Dismiss This Action for Plaintiff's Failure to Obey Court Orders and Failure to Prosecute; Order Striking Plaintiff's Second Amended Complaint Filed July 1, 2024; and Order Directing Plaintiff to Re-File Second Amended Complaint Within 21 Days (Doc. 41) issued July 8, 2024, along with another blank civil rights complaint form;

3. The Court extends the deadline for the re-filing of Plaintiff's second amended complaint. Plaintiff **SHALL** re-file her second amended complaint **within 21 days** of the date of service of this order; and

4. **Plaintiff is again cautioned that should her second amended complaint fail to comply with the Court's Second Screening Order issued May 6, 2024, and the Court's July 8, 2024, order, the undersigned will recommend this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **July 25, 2024**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE