UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 46 |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action. Docs. 16, 45. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed her initial complaint on September 29, 2022. Doc. 1. On July 20, 2023, the assigned magistrate judge screened plaintiff's complaint and granted leave for plaintiff to file a first amended complaint. Doc. 19. On August 14, 2023, plaintiff filed a first amended complaint. Doc. 21. On May 6, 2024, the magistrate judge screened plaintiff's first amended complaint and allowed plaintiff to either stand on her first amended complaint or file a second amended complaint within 21 days. Doc. 35. The 21-day deadline to file a second amended complaint had passed without any response from plaintiff. Plaintiff similarly did not respond to the magistrate judge's order to show cause for failure to obey a court order. Doc. 37. On June 28, 2024, the magistrate judge issued findings and recommendations to dismiss the action for plaintiff's failure

to obey court orders and failure to prosecute. Doc. 38. On July 1, 2024, plaintiff filed a second amended complaint. Doc. 40. On July 8, 2024, the magistrate judge vacated the findings and recommendations to dismiss the action, Doc. 38, and ordered plaintiff to refile her second amended complaint within 21 days. Doc. 41. On July 23, 2024, plaintiff filed a motion to reconsider, which the court construed as objections to the magistrate judge's findings and recommendations. Doc. 43. The magistrate judge extended the deadline for plaintiff to file a second amended complaint by another 21 days. Doc. 44.

On August 19, 2024, plaintiff filed a second amended complaint, bringing claims under three causes of action: 1) 42 U.S.C. § 1983, 2) *Bivens*, and 3) the Federal Tort Claims Act ("FTCA"). Doc. 45 ("SAC"). On September 27, 2024, the magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations that the action proceed on plaintiffs' Eighth Amendment failure to protect and deliberate indifference claims against certain defendants and that it be dismissed as to the remaining claims and defendants. Doc. 46. The screening order did not separately address plaintiff's § 1983 and *Bivens* claims, and it did not specifically address the plaintiff's FTCA claim. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days of service. *Id*. at 18. Plaintiff did not file any objections, and the deadline to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court agrees that plaintiff may proceed on her *Bivens* claim for deliberate indifference to serious medical needs as to defendants Palentghi, Spheres, and Placencia, and that plaintiff fails to state a claim as to defendants Young and the United States, and the findings and recommendations are adopted to that extent. As addressed below, the Court declines to adopt the findings and recommendations as to plaintiff's Eighth Amendment failure to protect claims.

Plaintiff's § 1983 claims are dismissed as non-cognizable. Plaintiff also may not proceed on her *Bivens* failure to protect claims under applicable precedent. Plaintiff fails to sufficiently plead her FTCA claim, but as that claim was not specifically addressed in the findings and

recommendations, plaintiff will be provided a **final opportunity** to amend her complaint.

### 1. Claims under 42 U.S.C. § 1983

A prisoner may bring a § 1983 claim for violations of constitutional or other federal rights by persons acting under color of state law.  42 U.S.C. § 1983.  Plaintiff is a federal prisoner.  *See generally* SAC.  At the time of the alleged incident, all defendants were employed by the Bureau of Prisons at the U.S. Penitentiary in Atwater, California.  *Id.*   Therefore, no claims are alleged against persons acting under color of state law.  Accordingly, plaintiffs' claims pursuant to § 1983 are dismissed without leave to amend for failure to state a claim.

### 2. Claims under *Bivens*

*Bivens* provides for an implied right of action in *limited* circumstances against federal officials for constitutional violations.  *Marquez v. C. Rodriguez*, 81 F.4th 1027, 1029 (9th Cir. 2023).  As the Supreme Court affirmed in *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017), there are only three cases in which the Court has approved a *Bivens* damages remedy: (1) Fourth Amendment violations for alleged unreasonable searches and seizures in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), (2) Fifth Amendment violations for alleged sex discrimination in *Davis v. Passman*, 442 U.S. 228 (1979), and (3) Eighth Amendment violations for alleged failure to provide adequate medical treatment in *Carlson v. Green*, 446 U.S. 14 (1980).  *Marquez*, 81 F.4th at 1029.  Apart from these three cases, "the Supreme Court has repeatedly and expressly confined *Bivens* claims, holding that an extension of implied causes of action is recognized today as 'a 'disfavored' judicial activity.'" *Marquez*, 81 F.4th at 1029 (citing *Ziglar*, 582 U.S. at 135).

Given the instruction to limit the circumstances in which a *Bivens* action may be brought, when confronted with a *Bivens* claim, courts proceed in two steps.  "First, we ask whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 483 (2022) (internal citations omitted).  If not, then the *Bivens* action may proceed.  "If the case presents a new *Bivens* context, then we examine whether 'there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of

1  allowing a damages action to proceed.'" *Id.* (internal citations omitted). If so, then the *Bivens*
2  claim may not be allowed to proceed. *Marquez*, 81 F.4th at 1030.

3  Plaintiff brings *Bivens* actions against individual medical staff for deliberate indifference to
4  serious medical needs, and against individual prison guards for failure to protect her against the
5  threat of harm from other inmates, in violation of the Eighth Amendment. *See generally* SAC.
6  Therefore, the Court must consider if plaintiff's claims present a "new *Bivens* context" or one under
7  the three established contexts.

        **a. Deliberate Indifference to Serious Medical Needs**

9  The Ninth Circuit recently held that, in specific circumstances, causes of action under the
10 Eighth Amendment against prison medical staff who acted with deliberate indifference to serious
11 medical needs do not present a "new *Bivens* context." *Watanabe v. Derr*, 115 F.4th 1034, 1043
12 (9th Cir. 2024). In *Watanabe*, Watanabe was attacked by multiple members of a rival gang and as
13 a result suffered serious injuries. *Id.* at 1036. After he was seen by a staff nurse at the federal
14 prison, and indicated to the nurse his severe back pain, Watanabe alleged that the nurse told him to
15 "stop being a cry baby" and refused to send him to the hospital for further evaluation. *Id.* at 1037.
16 As a result, Watanabe alleges that his injuries severely worsened. *Id.* In *Watanabe*, the Ninth
17 Circuit held that the case was not dissimilar enough from *Carlson* to present a new *Bivens* context,
18 and Watanabe's *Bivens* action for damages was able to proceed. *Id.* at 1043.

19 The facts of the instant case are not dissimilar from *Watanabe*. Here, plaintiff was assaulted
20 by other inmates in three separate incidences. The first occurred on March 19, 2020, when plaintiff
21 was assaulted and taken to the medical unit. SAC at 19. There, plaintiff contends that when
22 defendant Doctor Palentghi saw her, he "began cracking jokes." *Id.* After providing initial
23 treatment for a wound on her face, Palentghi sent plaintiff back to her housing unit. *Id.* Plaintiff
24 requested to return to the medical unit soon after as she noticed continued extreme pain in her left
25 hand, face, and left eye. *Id.* at 17. Plaintiff contends that while Palentghi ordered 800 milligram
26 Ibuprofen and an x-ray for her hand, he "completely ignored [her] eye" and sent her back to her
27 housing unit. *Id.* The second incident, on March 21, 2020, alleges that, following another assault,
28 defendant Nurse Spheres told plaintiff that she "probably had an orbital fracture [in her face] and

that it would be expensive to fix." *Id.*  Nevertheless, plaintiff was given "Tylenol 3 for pain and sent back to her assigned cell." *Id.*  The third incident, on April 21, 2020, alleges that, following yet another assault, defendant Nurse Placencia, upon seeing plaintiff, "did nothing because he was going to go home." *Id.*

Both *Watanabe* and the instant case involve situations where prison medical staff allegedly failed to provide adequate medical treatment in a deliberately indifferent manner.  Accordingly, the instant case does not present a "new *Bivens* context," and plaintiff may proceed on her *Bivens* claim against defendants Palentghi, Spheres, and Placencia for deliberate indifference to serious medical needs.  The Court also adopts the findings and recommendations to dismiss plaintiff's claim against defendant Young as "no facts indicate Young took any action or inaction amounting to deliberate indifference." Doc. 46 at 16.

### b. Failure to Protect

The Ninth Circuit's recent decision in *Marquez* forecloses plaintiff's *Bivens*' action against prison officials for failure to protect her from harm from other inmates. *Marquez*, 81 F.4th 1027. In *Marquez*, the Court rejected the argument that the Supreme Court's ruling in *Farmer v. Brennan*, 511 U.S. 825 (1994), had established a cognizable *Bivens* context for an Eighth Amendment failure to protect claim against prison officials. *Marquez*, 81 F.4th at 1031.

> We thus decline Marquez's invitation to recognize an implied fourth *Bivens* context arising from *Farmer*.  Nearly thirty years have passed since the Supreme Court decided *Farmer*.  If the Court were inclined to recognize it as one of the few acceptable *Bivens* contexts, it would have done so.  Instead, the Court continues to reaffirm that there are but three of these cases, and *Farmer* is not one of them.

*Id.* (citing *Ziglar*, 582 U.S. at 131 and *Egbert*, 596 U.S. at 492).

The facts in *Farmer* are analogous to the instant case.  In *Farmer*, a transgender prisoner brought a *Bivens* suit against prison officials, claiming that officials failed to protect the prisoner by placing them in the general prison population, resulting in another inmate harassing the prisoner for their sexual identity and beating and raping the prisoner. *Farmer*, 511 U.S. at 829.  In the instant case, plaintiff alleges that, due to her sexual identity, she was repeatedly threatened and assaulted by other inmates. *See generally* SAC.  Plaintiff alleges defendants knew of the risk plaintiff faced,

5

and nonetheless failed to take reasonable measures to protect her. *Id.* As *Marquez* affirmed that *Bivens* does not extend to the facts in *Farmer*, and *Farmer* involves parallel facts to the instant case, plaintiff cannot pursue a *Bivens* action against defendants for failure to protect in violation of the Eighth Amendment. Accordingly, the Court dismisses plaintiff's *Bivens* failure to protect claim without leave to amend.

### 3. Claims under the Federal Tort Claims Act

"The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees." *Simmons v. Himmelreich*, 578 U.S. 621, 623 (2016). Because the "FTCA does not allow actions against individual guards," the Court liberally construes plaintiff's FTCA claim as made against the United States. *Reid v. United States*, 825 Fed. App'x. 442, 445 (9th Cir. 2020).

Plaintiff has failed to sufficiently allege in her SAC that she timely complied with the FTCA's administrative claim filing deadline and that she then timely filed this case in federal court. Under the FTCA, a tort claim against the United States must be brought to the appropriate federal agency as an administrative claim "within two years after such claim accrues." 28 U.S.C. § 2401(b). "A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency." *Jerves v. U.S.*, 966 F.2d 517, 519 (9th Cir. 1992). If such claim is denied, then the claim must be brought in federal court "'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (citing 28 U.S.C. § 2401(b)).

In other words, to allege timely filing under the FTCA, plaintiff must allege facts sufficient to show <u>both</u> (1) that she timely filed his claim with the Federal Bureau of Prisons ("BOP") within two years of its accrual, and, (2) if BOP issued a denial of her claim, that she filed this case within six months of that denial, or in the case of a failure to meet either or both of those deadlines, that she is entitled to equitable tolling as to any deadline that was not met. *See Wong*, 575 U.S. at 420.

Plaintiff's alleged injuries occurred during the timeframe from February 20, 2020, to April 21, 2020. *See generally* SAC. Plaintiff's SAC fails to establish that she timely filed any

6

1    administrative FTCA claims within two years of the accrual of her claims, and therefore she fails
2    to establish a cause of action under the FTCA.  However, plaintiff attached to her initial
3    complaint letters from the Federal Bureau of Prisons denying her administrative claims under the
4    FTCA.  Doc. 1 at 35–36.  These denial letters appear to reflect that plaintiff timely filed her
5    FTCA claims with BOP within two years of her alleged injuries, but plaintiff did not include
6    those letters with her SAC and there are no such allegations in the SAC.  An amended complaint
7    "supersedes the original, the latter being treated thereafter as non-existent."  *Lopez v. Chertoff*,
8    656 F.3d 851, 857 (9th Cir. 2011).  If plaintiff elects to file a third amended complaint, she must
9    include all required allegations concerning her FTCA claim, including that she timely filed her
10   administrative claims within two years of the claims' accrual.

11       It also appears that plaintiff may not have timely filed her FTCA claim in federal court.
12   The BOP letters denying her administrative FTCA claims are dated between November 24, 2021,
13   and December 13, 2021.  *Id.* at 33–36.  Plaintiff filed her initial complaint with this Court on
14   September 29, 2022, over nine months later, well after the six-month statutory deadline under 28
15   U.S.C. § 2401(b).  Doc. 1.

16       While the limitations periods in 28 U.S.C. § 2401(b) are subject to the doctrine of
17   equitable tolling, a claimant has a high bar to make such a showing.  *Wong*, 575 U.S. at 411.  To
18   claim equitable tolling, a litigant must establish "(1) that he has been pursuing his rights
19   diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely
20   filing."  *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (internal quotations omitted).  In any
21   third amended complaint, plaintiff must sufficiently allege facts establishing why equitable tolling
22   would apply to excuse her filing of her complaint in federal court after the six-month statutory
23   deadline.

24       **a.  Amended Complaint**

25       Because the findings and recommendations, Doc. 46, did not address the FTCA cause of
26   action, plaintiff was not on notice of her failure to address the timeliness of her administrative
27   FTCA claims and the timeliness of her filing of her FTCA claim in federal court, nor did she have
28   an opportunity to establish whether equitable tolling would apply as a defense to any failure to

1  meet the FTCA filing deadlines.  Accordingly, plaintiff will be granted **one final opportunity** to
2  amend her complaint to allow her to attempt to sufficiently plead her compliance with the
3  FTCA's administrative claim requirement and the timeliness of her filing of her FTCA claim in
4  federal court, or to establish why equitable tolling would apply to excuse any failure to meet such
5  FTCA deadlines.

6  **Plaintiff is informed that an amended complaint** *supersedes* **a prior complaint.** *Lacey*
7  *v. Maricopa Cnty.*, **693 F.3d 896, 927 (9th Cir. 2012).  An amended complaint must be**
8  **"complete in itself without reference to the prior or superseded pleading."  L.R. 220.**
9  **Accordingly, while the Court grants leave to amend for the purpose of permitting plaintiff**
10 **to replead her FTCA claim, plaintiff must also reallege in any third amended complaint her**
11 **cognizable** *Bivens* **claim for deliberate indifference to serious medical needs.**

12  Accordingly, IT IS ORDERED that:

13  1. The findings and recommendations issued September 27, 2024, Doc. 46, are
14     ADOPTED IN PART.
15  2. Plaintiff's second amended complaint may proceed on plaintiff's *Bivens* claim against
16     defendants Palentghi, Spheres, and Placencia for deliberate indifference to plaintiff's
17     serious medical needs.  As to all other claims and defendants, plaintiff's second
18     amended complaint is dismissed for failure to state a claim, with leave to amend as to
19     plaintiff's FTCA claim.
20  3. <u>Within thirty days of the date of service of this Order</u>, plaintiff may file:
21     a. A third amended complaint including plaintiff's FTCA claim and plaintiff's
22        *Bivens* claim against defendants Palentghi, Spheres, and Placencia for
23        deliberate indifference to plaintiff's serious medical needs<u>;</u>
24     b. Written notice to the Court that plaintiff wishes to forego amendment and
25        wishes to proceed only on the *Bivens* claim in plaintiff's second amended
26        complaint against defendants Palentghi, Spheres, and Placencia for deliberate
27        indifference to plaintiff's serious medical needs; **or**
28     c. Notice of voluntary dismissal, if plaintiff no longer wishes to pursue this

8

action.

4. If plaintiff does not respond within thirty days, this action will PROCEED only on the *Bivens* claim in plaintiff's second amended complaint against defendants Palentghi, Spheres, and Placencia for deliberate indifference to plaintiff's serious medical needs, and all other claims and defendants will be dismissed from this action.

IT IS SO ORDERED.

Dated:   March 25, 2025

UNITED STATES DISTRICT JUDGE