UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**<br><br>**30-DAY DEADLINE**<br><br>Clerk of the Court to Terminate Dismissed Defendants |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.      RELEVANT BACKGROUND**

Plaintiff filed her second amended complaint on August 19, 2024. (Doc. 45.)

On September 27, 2024, the undersigned issued Findings and Recommendations to Dismiss Certain Claims and Defendants Following Screening of Plaintiff's Second Amended Complaint. (Doc. 46.) Specifically, the undersigned recommended the action proceed on the following claims: (1) Eighth Amendment failure to protect claims against Defendants Barnes, Beaudreau, Bennett, Bollinger, Ceja, Ciolli, Dewilde, Haslett, Heldman, Lemur, Lopez, Lyons, McClure, Schafer, Scott, Simpson, Vandenover, and Zaragoza; and (2) Eighth Amendment

1    deliberate indifference to serious medical needs claims against Defendants Palentghi, Placencia,

2    and Spheres; the remaining claims to be dismissed.[1] (*Id*. at 13-18.) Further, the undersigned

3    recommended Defendants United States of America and Young be dismissed from the action. (*Id*.

4    at 17-18.) Plaintiff was advised that any objections were to be filed within 14 days. (*Id*.) Plaintiff

5    did not file objections.

6        On March 26, 2025, District Judge Kirk E. Sherriff issued his Order Adopting in Part

7    Findings and Recommendations. (Doc. 49.) Judge Sherriff determined that Plaintiff could

8    proceed on her Eighth Amendment *Bivens*[2] claims against Defendants Palentghi, Spheres, and

9    Placencia for deliberate indifferent to serious medical needs. (*Id*. at 4-5.) However, Judge Sherriff

10   determined Plaintiff could not state a *Bivens* action against the defendants for a failure to protect

11   violation of the Eighth Amendment. (*Id*. at 5-6.) Next, Judge Sherriff found Plaintiff's second

12   amended complaint failed to sufficiently allege a claim under the Federal Tort Claims Act

13   (FTCA). (*Id*. at 6-7.) Plaintiff was to be granted leave to "amend her complaint to allow her to

14   attempt to sufficiently plead her compliance with the FTCA's administrative claim requirement

15   and the timeliness of her filing of her FTCA claim in federal court, or to establish why equitable

16   tolling would apply to excuse any failure to meet such FTCA deadlines." (*Id*. at 8.) Therefore,

17   Judge Sherriff adopted the Findings and Recommendations in part, ordered the action may

18   proceed on Plaintiff's *Bivens* claim against Palentghi, Spheres, and Placencia for deliberate

19   indifference to Plaintiff's serious medical needs, dismissed all other claims and defendants for a

20   failure to state a claim, excepting Plaintiff's potential FTCA claim, and directed Plaintiff, within

21   30 days, to file: (1) a third amended complaint including her FTCA claim and her *Bivens* claims

22   against Defendants Palentghi, Spheres, and Placencia for deliberate indifference to Plaintiff's

23   serious medical needs; *or* (2) written notice to the Court that Plaintiff wished to forego

24   amendment and to proceed only on the *Bivens* claims in Plaintiff's second amended complaint

25

26   [1] The undersigned construed Plaintiff's second amended complaint to assert just two claims arising under the Eighth Amendment: failure to protect and deliberate indifference to serious medical needs. (*See* Doc. 46 at 13.) Previously, in screening Plaintiff's first amended complaint, the undersigned found Plaintiff failed to state a cognizable

27   negligence claim under the Federal Tort Claims Act. (*See* Doc. 19 at 14-15.)

28   [2] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

against Defendants Palentghi, Spheres, and Placencia for deliberate indifference to her serious medical needs; *or* (3) a notice of voluntary dismissal if Plaintiff no longer wished to pursue this action. (*Id.* at 8-9.) Further, Judge Sherriff ordered that should Plaintiff not respond within 30 days, this action was to proceed "only on the *Bivens* claim" against Defendants Palentghi, Spheres, and Placencia for deliberate indifference to Plaintiff's serious medical needs. (*Id.* at 9.)

More than 30 days have passed following the issuance of Judge Sherriff's March 26, 2025, order. Plaintiff has not responded in any way. She did not file either a third amended complaint, or a written notice as described in the order, or a notice of voluntary dismissal. Therefore, this action now proceeds only on the *Bivens* claims asserted against Defendants Palentghi, Spheres, and Placencia for deliberate indifference to her serious medical needs, as alleged in the operative second amended complaint. The Court thus finds service appropriate as to those Defendants.

**II.    ORDER**

Accordingly, it is **HEREBY ORDERED** that:

1. Service is appropriate for the following Defendants:

    a.  "Dr. Palentghi," who was employed as a doctor at the United States Penitentiary in Atwater, California, in March and/or April of 2020;

    b.  Steven Spheres, who was employed as a nurse at the United States Penitentiary in Atwater, California, in March and/or April of 2020; and

    c.  Alejandro Placencia, who was employed as a nurse at the United States Penitentiary in Atwater, California, in March and/or April of 2020;

2. The Clerk of the Court shall SEND Plaintiff five (5) USM-285 forms, five (5) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the second amended complaint filed on August 19, 2024 (Doc. 45).

3. **Within thirty (30) days** from the date of service of this order, Plaintiff SHALL complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.  A completed summons for each Defendant;

      b.  A completed summons for the civil-process clerk at the United States Attorney's Office (Fed. R. Civ. P. 4(i)(1)(A)(ii));

      c.  A completed summons for the Attorney General of the United States at Washington, D.C. (Fed. R. Civ. P. 4(i)(1)(B));

      d.  A completed USM-285 form for each Defendant;

      e.  A completed USM-285 form for the civil-process clerk at the United States Attorney's Office (Fed. R. Civ. P. 4(i)(1)(A)(ii));

      f.  A completed USM-285 form for the Attorney General of the United States at Washington, D.C. (Fed. R. Civ. P. 4(i)(1)(B)); and

      g.  Five (5) copies of the endorsed complaint filed on August 19, 2024 (Doc. 45);

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

5. The Clerk of the Court is directed to TERMINATE the following individuals or entities from the docket, in accordance with Judge Sherriff's March 26, 2025, Order and following the passage of more than 30 days:

      a.  United States of America

      b.  Warden Andrew Ciolli

      c.  Bennett

      d.  Lieutenant Scott

      e.  Lieutenant Zaragoza

      f.  Lieutenant Heldman

      g.  Unit Manager Schafer

      h.  Special Investigations Technician Vandenover

      i.  Counselor Lyons

      j.  Counselor Haslett

      k.  Counselor Beaudreau

4

1    l.  Case Manager Bollinger

2    m.  Correctional Officer G. Simpson

3    n.  Correctional Officer Ceja

4    o.  Correctional Officer Lopez

5    p.  Correctional Officer Barnes

6    q.  Correctional Officer McClure

7    r.  Lieutenant Dewilde

8    s.  Lieutenant Lemur

9    **Any failure by Plaintiff to timely comply with this Order may result in a**

10   **recommendation that this action be dismissed for a failure to obey court order and/or**

11   **failure to prosecute.**

12   IT IS SO ORDERED.

13   Dated:   **May 2, 2025**

14                                              UNITED STATES MAGISTRATE JUDGE

5