UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER**<br><br>**14-DAY DEADLINE TO RESPOND** |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

**I.       INTRODUCTION**

On May 2, 2025, the Court issued its Order Finding Service of Second Amended Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days. (Doc. 50.) Specifically, service was deemed appropriate for Defendants Palentghi, Placencia, and Spheres. (*Id*. at 3.) Plaintiff was provided USM-285 forms, summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of her second amended complaint, and was directed to return the completed documents within 30 days. (*Id*. at 3-4.)

More than 30 days, plus time for mailing, have elapsed but Plaintiff has failed to return the completed service documents to the Court.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with the Court's May 2, 2025, order concerning service of process. Despite the passage of 40 days, Plaintiff has failed return the completed service documents to the Court.

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for her failure to comply with the Court's order of May 2, 2025. Alternatively, within that same time, Plaintiff may return the completed service documents to the Court.

**Failure to comply with this Order to Show Cause will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated: __June 12, 2025__                        _____
                                                UNITED STATES MAGISTRATE JUDGE