UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 51)<br><br>**ORDER VACATING ORDER REGARDING SERVICE ISSUED MAY 2, 2025**<br><br>(Doc. 50)<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO FILE THIRD AMENDED COMPLAINT**<br><br><u>**30-DAY DEADLINE**</u> |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

### I.     INTRODUCTION

On June 12, 2025, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order. (Doc. 51.) Specifically, Plaintiff was ordered to show cause in writing, within 14 days, why the action should not be dismissed for her failure to comply with the Court's May 2, 2025, order to complete and return service of process documents. (*Id*. at 2.) Alternatively, Plaintiff was to return the service documents to the Court. (*Id*.)

1    On July 8, 2025, Plaintiff filed a response to the OSC. (Doc. 52.)

2    **II.    DISCUSSION**

3    In her response to the OSC, Plaintiff states that on or about June 3, 2025, she wrote to the Court and advised she was in a special housing unit, did not have her property, was "continuously" denied access to her "legal work," and never received "any order in the month of April advising her to file a third amended complaint." (Doc. 52 at 1.) Plaintiff asserts a review of the incoming legal mail log for April will show she "never signed for any mail" from this Court. (*Id*.) Plaintiff believes her mail "is being tampered with" and cites to similar mail-related issues in an action she has pending in Oklahoma. (*Id*. at 1-2.)

Plaintiff "begs this Court to allow her to file the third amended complaint & to launch an investigation into her unit team for mail tampering" because she is not receiving her legal mail and the mail she does receive "is usually open." (Doc. 52 at 2.) She maintains her unit team can "read one (1) letter & it may be an order for [her] to file something in 30 days staff may trash that letter. Then staff knows the next letter is probably an order of dismissal so BOP staff brings that letter to [her] as legal mail." (*Id*.) Plaintiff states the mail "does not meet the criteria as special mail & opened & read by F.B.O.P. staff" and may not be received by Plaintiff. (*Id*.)

Plaintiff asserts the Bureau of Prisons' criteria for legal mail states the mail "must have an attorney's name or Clerk of Court's name and a phone number in the return address and the letter must be stamped legal or special mail open in presence of inmate." (Doc. 52 at 3.) Without that information on the outside of the envelope, prison staff can open legal mail to ensure drugs are not being smuggled into the facility. (*Id*.) Plaintiff asks the Court to "please follow this criteria to send future mail parcels" to ensure her receipt of the mail and to ensure prison staff follow institutional guidelines for legal mail. (*Id*.) Plaintiff reports that during the three years she has been litigating this action, USP Coleman II is the only facility wherein she has encountered difficulties with mail. (*Id*.) Under the heading "Relief Sought," Plaintiff asks to be permitted to file a third amended complaint to cure any deficiencies in her federal tort claim, seeks a formal investigation "into USP Coleman II staff for possible mail tampering," and access to her legal work and property. (*Id*. at 3-4.)

2

1       First, this Court did not receive any pleadings or correspondence from Plaintiff between
2  December 18, 2024, when she filed a notice of change of address, and July 8, 2025,[1] when she
3  filed her response to the OSC.
4       Next, because Plaintiff did not receive the Court's March 26, 2025, order allowing
5  Plaintiff the opportunity to file a third amended complaint, the undersigned will direct the Clerk
6  of the Court to re-serve the order. Additionally, Plaintiff will be afforded 30 days from the date of
7  service of this order within which to file a third amended complaint as outlined in the Court's
8  March (not April) 2025 order. (*See* Doc. 49 at 7-9.)
9       Further, the Court will direct the Clerk of the Court to include the language "SPECIAL
10 MAIL. OPEN ONLY IN THE PRESENCE OF THE INMATE" on all future mail sent from this
11 Court. *See* 28 C.F.R. § 540.18.
12      To the extent Plaintiff seeks an investigation into mail tampering and the return of her
13 property, those issues will be separately addressed by way of findings and recommendations to
14 the assigned district judge.

### III.   CONCLUSION AND ORDER

For the reasons given above, this Court **HEREBY ORDERS**:

1. The OSC issued June 12, 2025 (Doc. 51) is **DISCHARGED**;
2. The Order issued May 2, 2025 (Doc. 50) is **VACATED**;
3. Plaintiff **SHALL** file any third amended complaint **within 30 days** of the date of service of this order; and
4. The Clerk of the Court is **DIRECTED** to re-serve the order issued by District Judge Kirk E. Sherriff on March 26, 2025 (Doc. 49) along with this Order.

//
//
//
//

---

[1] The response was dated and signed June 22, 2025.

3

**Any failure by Plaintiff to file a third amended complaint in compliance with the March 26, 2025, order and this order, will result in the action proceeding on Plaintiff's *second* amended complaint as screened and the Court will issue a new order concerning service of process.**

IT IS SO ORDERED.

Dated: __**July 14, 2025**__                    _____
                                                                    UNITED STATES MAGISTRATE JUDGE

4