UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Defendants. | Case No.: 1:22-cv-01290-KES-CDB<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO COMPLETE AND RETURN PREVIOUSLY FORWARDED SERVICE DOCUMENTS**<br><br>**30-Day Deadline**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR AN INK PEN TO DRAFT LEGAL DOCUMENTS**<br><br>**14-Day Deadline**<br><br>(Doc. 60) |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

## I.      INTRODUCTION

On January 22, 2026, following screening of the operative third amended complaint, the Court issued its Order Finding Service of Third Amended Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days. (Doc. 59.)

On March 3, 2026,[1] Plaintiff filed a document titled "Time Extension/Request for Pen."

---

[1] The document was dated and signed February 1, 2026.

(Doc. 60.)[2]

## II.   DISCUSSION

In addition to seeking additional time to return service documents, Plaintiff alleges she "is currently in special housing unit due to again being forced to sign on protective custody." (Doc. 60.) She states she is "not allowed to have ink pens in her possession," and the "rubber pencil" provided is "too weak to apply pressure to the USM forms." (*Id*.) Plaintiff "petition[s] this court to force USP Canaan staff to issue plaintiff an ink pen to draft legal documents with." (*Id*.)

### *Motion for Extension of Time*

First, although Plaintiff does not identify the additional length of time she seeks in order to return the service documents previously provided, the Court will provide Plaintiff with an additional 30 days from the date of this Order within which to do so. No further extensions of time will be granted absent Plaintiff's detailed showing of good cause.

### *Motion or Request for Ink Pen*

Plaintiff's request for an ink pen should be denied. The Court has no jurisdiction over United States Penitentiary Canaan (USP Canaan) in Waymart, Pennsylvania, as neither that institution nor its officials are before the Court.[3] [4] "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985); *see Brackett v. Anderson*, No. 2:21-cv-02282-KJM-JDP (PC), 2023 WL 6894748, at *1 (E.D. Cal. Oct. 18, 2023) (recommending plaintiff's third motion for injunctive relief seeking order that Butte County Jail officials provide him with ink pens be denied for a lack of jurisdiction), adopted in full, 2024 WL 418710 (E.D. Cal. Feb. 5,

---

[2] That same date, Plaintiff filed a motion for reconsideration. That motion will be decided by the assigned district judge in due course.

[3] This action involves Plaintiff's claims against officials at the United States Penitentiary in Atwater, California. (*See* Doc. 54 [third amended complaint].)

[4] The Court repeatedly has admonished Plaintiff that it cannot order officials at other federal facilities to take certain actions because it lacks jurisdiction over prison officials at those facilities. (*See, e.g*., Doc. 28 at 3-4 [no jurisdiction over officials at USP Victorville], Doc. 36 at 3-4 [no jurisdiction over officials at USP Beaumont] & Doc. 42 at 3-4 [no jurisdiction over officials at USP Beaumont]).

2

2024); *Felix v. Dougherty*, No. 1:21-cv-01472-JLT-SKO, 2023 WL 4027100, at *2 (E.D. Cal. June 15, 2023) (recommending plaintiff's motion seeking an order requiring jail officials to provide him with a pen be denied, in part, for a lack of jurisdiction), adopted in full, 2023 WL 4424667 (E.D. Cal. July 10, 2023).

Further, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)). Here, the Court accords deference to prison officials at USP Canaan concerning its apparent policy to provide inmates in "special housing" or "protective custody" with pencils rather than pens.

### III.    ORDER AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED that Plaintiff's request for an extension of time (Doc. 60) is GRANTED. Plaintiff SHALL return the previously provided service documents, completed to the best of her ability, within 30 days of the date of service of this Order. Any failure by Plaintiff to timely comply with this Order will result in a recommendation to dismiss this action for a failure to obey court orders and failure to prosecute.

Further, it is HEREBY RECOMMENDED that Plaintiff's request for an order directing officials at the USP Canaan to provide her with an ink pen be DENIED for a lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15- page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

3

636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE