UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-01290 KES CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 61 |

Norvell Andrew seeks reconsideration of the Court's order dated January 20, 2026, dismissing her Eighth Amendment failure to protect and Federal Tort Claims Act ("FTCA") claims. *See* Doc. 61. For the reasons set forth below, the motion for reconsideration is DENIED.

## I.      Relevant Background

Andrew filed her third amended complaint ("TAC") on August 12, 2025. Doc. 54. The magistrate judge screened the TAC pursuant to 28 U.S.C. § 1915A(a) and found she stated a cognizable claim for deliberate indifference to serious medical needs. The magistrate judge recommended dismissal of the other claims, including for failure to protect and for a violation of the FTCA. Doc. 55. Andrew filed objections to the findings and recommendations. Doc. 56. On January 20, 2026, the Court performed a de novo review and adopted the findings and recommendations, dismissing all claims except the claim for deliberate indifference to serious medical needs. Doc. 58.

**II.     Governing Legal Standards**

Reconsideration of an order may be granted under Federal Rule of Civil Procedure 59(e) or 60(b).  *See, e.g.*, *Langley v. Well Path Med.*, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  When a motion for relief from an order is filed within the proscribed time, it should be considered a motion for reconsideration pursuant to Rule 59(e).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 888–89 (9th Cir. 2001).  Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order.  *Id.*  Under either rule, reconsideration is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted).  As Andrew filed her objections within 28 days of the challenged order, the Court construes the motion as one under Rule 59(e).

A motion under Rule 59(e) "may only be granted where: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law."  *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (cleaned up).  Additionally, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

**III.     Discussion and Analysis**

Andrew asserts reconsideration is appropriate for the following reasons: (1) the TAC was not liberally construed; (2) the Court's finding that she failed to exhaust administrative remedies shows bias and prejudice; and (3) she addressed equitable tolling in the TAC, contrary to the Court's finding.  *See generally id.* at 1-6.  Andrew contends the "Court has and continues to show bias, prejudice, and a lack of interest" in the case.  *Id.* at 6.  She also asserts that the "amended complaints should be stricken as redundant [and] scandalous" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and that she should be allowed to proceed on her original

2

complaint or be permitted to file a fourth amended complaint.  *Id.*

Andrew renews arguments that the Court considered when addressing her objections to the findings and recommendations, including the request to strike all amended complaints and to file a fourth amended complaint.  *See* Doc. 58 at 2-3.  However, a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)).  She does not show any error by the Court in construing the allegations in the complaint or findings related to equitable tolling.  Andrew's disagreement with the order, without more, is not an appropriate basis for reconsideration.  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision").

Andrew also fails to identify evidence to support her argument that the Court is biased and prejudiced.  To establish bias by the Court, a party must identify "an extrajudicial source."  *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).  Put another way, "conduct or rulings made during the course of the proceeding" alone will not support an assertion of bias.  *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source").  Her disagreement with the Court's ruling does not suffice to show bias.  Similarly, the record does not support her assertion that the Court lacks interest in this action, as the Court has continued to move the matter forward—despite operating in a state of judicial emergency—and directed service of the operative pleading after finding that Andrew stated cognizable claims.  *See* Doc. 59.

Andrew has not demonstrated the highly unusual circumstances required to warrant relief under Rule 59(e).  She does not establish any "manifest errors of law or fact," "newly discovered or previously unavailable evidence," "an intervening change in controlling law," or that "the motion is necessary to prevent manifest injustice."  *Hiken*, 836 F.3d at 1042; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

///

3

**IV.      Conclusion and Order**

Based upon the foregoing, the Court ORDERS: Plaintiff's motion for reconsideration (Doc. 61) is DENIED.

IT IS SO ORDERED.

Dated:      June 15, 2026

_____
UNITED STATES DISTRICT JUDGE