UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL ANDREW,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>               Defendants. | Case No.: 1:22-cv-01290-KES-CDB (PC)<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO RE-SERVE PLAINTIFF WITH THE SERVICE DOCUMENTS**<br><br>**ORDER DIRECTING PLAINTIFF TO RETURN THE COMPLETED SERVICE DOCUMENTS NO LATER THAN FRIDAY, JULY 31, 2026** |

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

## I.    BACKGROUND

On January 22, 2026, this Court issued its Order Finding Service of Third Amended Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days. (Doc. 59.) Specifically, service was appropriate for Defendants Palentghi, Placencia, and Spheres. (*Id*. at 3.) Plaintiff was to be provided USM-285 forms, summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of her third amended complaint, and was directed to return the completed documents within 30 days. (*Id*. at 2-3.) The order and service documents were served to Plaintiff that same date.

On March 3, 2026, Plaintiff filed a request for extension of time and sought a court order "to force USP Canaan staff to issue plaintiff an ink pen to draft legal documents with." (Doc. 60.)

On March 5, 2026, the undersigned issued an Order Granting Extension of Time Within Which to Complete and Return Previously Forwarded Service Documents, as well as Findings and Recommendations to Deny Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 62.)

On April 1, 2026, District Judge Kirk E. Sherriff issued his Order Adopting Findings and Recommendations Denying Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 63.)

After Plaintiff filed a change of address notice, on April 15, 2026, the Court issued an order directing the Clerk of the Court to re-serve Plaintiff with the service documents at her new address and directed Plaintiff to complete and return the service documents no later than May 15, 2026. (Doc. 65.)

On May 27, 2026, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Return Service Documents. (Doc. 66.) Plaintiff was ordered to file a written response to the OSC within 21 days, or, alternatively, to return the completed service documents. (*Id*. at 3.)

On June 29, 2026, Plaintiff filed a document titled "Rebuttal."[1] (Doc. 68.)

**II.     DISCUSSION**

Plaintiff states she has "already filled out the USM 285 forms while in USP Canaan." (Doc. 68 at 1.) Further, Plaintiff contends she "sent [the] motion for time extension in the same envelope with the USM forms" and is "at a loss as to why" the Court continues to request she "fill out USM forms." (*Id*.) Next, she maintains she "has not received any new USM forms from this Court in April or May," and thus does not "have any USM forms to mail in …." (*Id*. at 1-2.) Plaintiff "asks the Court to be mindful" of her indigency and states she "does not have money to keep mailing the same thing over & over." (*Id*. at 2.) Lastly, Plaintiff asks the Court to "resend the forms" because she "never got them." (*Id*.)

---

[1] The filing is dated June 11, 2026, but is not accompanied by a proof of service. (*See* Doc. 7 at 4 ["for purposes of application of the 'Mailbox Rule' …, on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed"] & 6 [sample proof of service form].)

First, the Court notes that Plaintiff's motion requesting an extension of the deadline for returning the service documents did not include the service documents themselves, contrary to her claim. More significantly, the Court observes that Plaintiff would not need an extension of time if in fact she returned the completed USM-285 forms to the Court at the same time. Thus, Plaintiff's assertion that the "motion for time extension [was sent] in the same envelope with the USM forms" is not credible.

Second, the Court has served the USM-285 forms twice: first on January 22, 2026 and again on April 15, 2026. Nevertheless, and despite Plaintiff's inference to the contrary, the Court has not received any completed USM-285 forms from Plaintiff. In the absence of completed service documents, Defendants Palentghi, Placencia, and Spheres cannot be served with process by the United States Marshal. And if Defendants are not served with process, they will not be required to appear in this action; the case will effectively be at a standstill and subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Third, while the Court recognizes Plaintiff is indigent and thus has limited resources, it is Plaintiff's obligation to prosecute this action. And although Plaintiff is proceeding *in forma pauperis*, she is not exempt from the costs of associated with litigating this action. *See, e.g.*, *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (noting that 28 U.S.C. § 1915 forbids expenditure of public funds on fees or expenses no specifically identified in the statute) (per curiam); *Porter v. Dept. of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (holding that the grant of IFP status exempts litigants from filing fees only; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions); *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("§ 1915 does not confer on indigent plaintiffs a right to waiver of all litigation fees and costs. Instead, § 1915(a) allows indigent plaintiffs only to commence a suit without prepayment of initial filing and service fees"), *affirmed in part, vacated in part sub nom.*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995); *Hinkley v. Jessee*, No. 4:14-CV-5117-TOR, 2015 WL 13333944, at *1 (E.D. Wash. Oct. 7, 2015) (same).

In summary, Plaintiff has failed to return the completed service documents despite the

3

passage of more than five months from the Court's original order. The Court will provide Plaintiff with one final opportunity to return the completed service documents. If Plaintiff fails to comply with this Order, the undersigned will recommend this action be dismissed without prejudice for her failure to obey court orders and failure to prosecute.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** as follows:

1.   The Clerk of the Court is **DIRECTED** to re-serve Plaintiff with the service forms and related documents originally served to Plaintiff on January 22, 2026 (all documents listed on page 2 of docket entry number 59);

2.   Plaintiff **SHALL** complete and return the service documents **no later than July 31, 2026**.

**Any failure by Plaintiff to return the completed service documents by July 31, 2026, will result in a recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey courts orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **July 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4