UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NORVELL ANDREW,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No.: 1:22-cv-01290-KES-CDB (PC)

**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S INCOMPLETE SUBMISSION OF SERVICE DOCUMENTS**

21-Day Response Deadline

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

## I. BACKGROUND

On January 22, 2026, this Court issued its Order Finding Service of Third Amended Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days. (Doc. 59.) Specifically, the Court found service of process was appropriate upon Defendants Palentghi, Placencia, and Spheres. (*Id*. at 3.) Plaintiff was provided with USM-285 forms, summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of her third amended complaint, and was directed to return the completed documents within 30 days. (*Id*. at 2-3.)

On March 3, 2026, Plaintiff filed a request for extension of time concerning the service documents and sought a court order "to force USP Canaan staff to issue plaintiff an ink pen to draft legal documents with." (Doc. 60.)

On March 5, 2026, the undersigned issued an Order Granting Extension of Time Within Which to Complete and Return Previously Forwarded Service Documents, as well as Findings and Recommendations to Deny Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 62.)

On April 1, 2026, District Judge Kirk E. Sherriff issued his Order Adopting Findings and Recommendations Denying Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 63.)

After Plaintiff filed a change of address notice, on April 15, 2026, the Court issued an order directing the Clerk of the Court to re-serve Plaintiff with the service documents at her new address and directed Plaintiff to complete and return the service documents no later than May 15, 2026. (Doc. 65.)

On May 27, 2026, after the May 15 deadline expired without a response from Plaintiff, the Court issued its Order to Show Cause ("OSC") Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Return Service Documents. (Doc. 66.) Plaintiff was ordered to file a written response to the OSC within 21 days, or, alternatively, to return the completed service documents. (*Id*. at 3.)

On June 29, 2026, Plaintiff filed a document titled "Rebuttal." (Doc. 68.) Therein, she (1) claimed that she filled-out the forms at USP Canaan and sent them to the Court in the same envelope as a request for extension of time, (2) asserted she had not "received any new USM forms" in April or May and therefore did not "have any forms to mail in," (3) stated she did not have funds "to keep mailing the same thing over & over," and (4) asked the Court to "resend the forms" because "she never got them." (*Id*.)

Thereafter, the Court issued its Order Directing the Clerk of the Court to Re-Serve Plaintiff with the Service Documents and Order Directing Plaintiff to Return the Completed Service Documents No Later Thank July 31, 2026. (Doc. 69.)

On August 3, 2026, Plaintiff filed the Notice of Submission of Documents form. (Doc. 70.) As addressed below, the notice and documents Plaintiff submitted are incomplete and do not comply with the instructions the Court transmitted to Plaintiff in connection with those documents.

## II. DISCUSSION

Plaintiff completed and signed the submission notice indicating she was returning "5 completed USM-285 forms," "6 copies of the complaint/amended complaint," and "5 completed Summons forms." (*See* Doc. 70.) However, contrary to this representation, Plaintiff's submission included only *one* completed USM-285 form, *one* copy of the third amended complaint, and *one* completed summons. More specifically, Plaintiff returned a single completed USM-285 form wherein she identified the Defendant as "Attorney General of the United States." On the single summons returned to the Court, wherein Plaintiff changed the caption of this action to "Norvell Andrew v. Attorney General of the United States," Plaintiff entered "Attorney General of the United States, Washington, D.C. 20005" in the "TO: (Name and address of Defendant)" section.

Initially, the Court notes that, as reflected in the caption above, this action remains titled *Norvell Andrew v. United States of America, et al.*, despite the fact the United States of America and other individuals were dismissed on May 2, 2025. (*See* Docket generally & Doc. 50.)[1] Therefore, it is unclear why Plaintiff changed the caption on the single summons submitted.[2]

In this Court's January 22, 2026, order, Plaintiff was ordered to complete and to return the following:

> a. A completed summons for <u>each</u> Defendant (emphasis added);
>
> b. A completed summons for the civil-process clerk at the United States Attorney's Office (Fed. R. Civ. P. 4(i)(1)(A)(ii));
>
> c. A completed summons for the Attorney General of the United

---

[1] The case caption remains unchanged unless a party moves to recaption the case. *See, e.g.*, *Drake v. Mccomas*, No. 1:22-cv-1149-JLT-BAM (PC), 2023 WK 11819204, at *3 (E.D. Cal. Apr. 24, 2023). Additionally, when a case proceeds to a jury trial, the Court may elect to issue an order recaptioning the case. None of those circumstances is present here because Plaintiff has not moved to recaption the case and this matter is not set for trial.

[2] The Attorney General of the United States has never been a named defendant in this action, nor has the Attorney General (or any named defendant) entered an appearance in this action.

> States at Washington, D.C. (Fed. R. Civ. P. 4(i)(1)(B));
>
> d. A completed USM-285 form for each Defendant (emphasis added);
>
> e. A completed USM-285 form for the civil-process clerk at the United States Attorney's Office (Fed. R. Civ. P. 4(i)(1)(A)(ii));
>
> f. A completed USM-285 form for the Attorney General of the United States at Washington, D.C. (Fed. R. Civ. P. 4(i)(1)(B)); and
>
> g. Five (5) copies of the endorsed complaint filed on August 12, 2025 (Doc. 54).

(Doc. 59 at 2-3.) Instead, Plaintiff returned only one summons (for the Attorney General of the United States), one completed USM-285 form (for the Attorney General of the United States), and one copy of the third amended complaint. Therefore, Plaintiff's recent submission fails to comply with the Court's order (*id*. at 2-3) and the instructions attached (Doc. 59-1 at 1).

Because Plaintiff failed to complete and submit a summons for each defendant — identified as Palentghi, Steven Spheres, and Alejandro Placencia — and failed to complete and submit a summons for the civil-process clerk at the United States Attorney General's Office, she will be required to explain her failure to do so. Additionally, Plaintiff will be required to explain her failure to complete and submit a USM-285 form "for each Defendant" — again, identified in the order as Palentghi, Spheres, and Placencia — and for the civil-process clerk at the United States Attorney's Office.

The Court cannot serve the only remaining Defendants —Palentghi, Spheres, and Placencia — without a completed summons, copies of the third amended complaint for each of them, and a completed USM-285 form for each of them. Further, a summons and USM-285 form directed to the "civil-process clerk at the United States Attorney General's Office" (without reference to Washington D.C.), and a copy of the third amended complaint, are also required to properly serve those individuals.[3]

Plaintiff is advised that Rule 4 of the Federal Rules of Civil Procedure provides, in relevant part, that to serve an officer or employee of the United States:

---

[3] The Court orders one additional copy of the operative complaint be submitted because that copy is provided to the United States Marshal for its records.

> … a party must:
>
> (A)
>
> > (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk.

Fed. R. Civ. P. 4(i). Hence, the Court's order that Plaintiff complete and return both a summons and a USM-285 form for the "civil-process clerk at the United States Attorney General's Office."

Further, Rule 4 also includes time limits for service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. …

Fed. R. Civ. P. 4(m). Here, the Court has ordered Plaintiff to provide the required service documents on multiple occasions, setting forth several deadlines for the return of the necessary documents, in an effort to ensure service of the named Defendants can be effected by the United States Marshal. (*See* Doc. 59 at 3, ¶ 4 ["Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendants"] & Doc. 59-1 at 1.) As it stands, because Plaintiff has failed to comply with the Court's order, Defendants Palentghi, Spheres, and Placencia cannot be served. And if service is not effected, those Defendants must be dismissed without prejudice. Fed. R. Civ. P. 4(m).

Plaintiff is reminded that this Court's Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d

1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Because the Court is aware that Plaintiff has encountered difficulties in receiving mail due to numerous transfers during the course of this action, and despite Plaintiff's failure to comply with the Court's January 22, 2026, order (including the "Instructions for Completing Form USM-285"), the undersigned will direct Plaintiff to explain her deficient and incomplete submissions before determining whether further relief is warranted.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for a failure to comply with the Court's order of January 22, 2026, or for a failure to serve the named Defendants.

In her written response to this order, Plaintiff **SHALL** address each of the following:

1. Explain your inaccurate entries on the Notice of Submission of Documents form wherein you indicated you were submitting "5 completed USM-285 forms," "6 copies of the complaint/amended complaint," and "5 completed Summons forms;"
2. Explain your failure to complete and submit a summons for each defendant — identified as Palentghi, Steven Spheres, and Alejandro Placencia;
3. Explain your failure to complete and submit a summons for the civil-process clerk at the United States Attorney General's Office;
4. Explain your failure to complete and submit a USM-285 form for each Defendant — identified as Palentghi, Spheres, and Placencia;
5. Explain your failure to complete and submit a USM-285 form for the civil-process clerk at the United States Attorney's Office;
6. Explain your failure to provide six copies of the third amended complaint as ordered.

**Any failure by Plaintiff to timely comply with this Order may result in a**

**recommendation that this action be dismissed for Plaintiff's failure to serve the named Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and/or for Plaintiff's failure to comply with the Court's orders and failure to prosecute.**

IT IS SO ORDERED.

Dated: **August 6, 2026**

UNITED STATES MAGISTRATE JUDGE