UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NORVELL ANDREW,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No.: 1:22-cv-01290-KES-CDB (PC)

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

(Doc. 71)

**ORDER DIRECTING CLERK OF COURT TO RE-SERVE SERVICE DOCUMENTS**

**ORDER DIRECTING PLAINTIFF TO RETURN COMPLETED SERVICE DOCUMENTS WITHIN 30 DAYS**

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

(Doc. 72)

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

## I. RELEVANT BACKGROUND

On January 22, 2026, this Court issued its Order Finding Service of Third Amended Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days. (Doc. 59.) Specifically, the Court found service was appropriate for Defendants Palentghi, Placencia, and Spheres. (*Id*. at 3.) Plaintiff was provided with USM-285 forms, summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy

of her third amended complaint, and was directed to return the completed documents within 30 days. (*Id*. at 2-3.)

On March 3, 2026, Plaintiff filed a request for extension of time concerning the service documents and sought a court order "to force USP Canaan staff to issue plaintiff an ink pen to draft legal documents with." (Doc. 60.)

On March 5, 2026, the undersigned issued an Order Granting Extension of Time Within Which to Complete and Return Previously Forwarded Service Documents, as well as Findings and Recommendations to Deny Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 62.)

On April 1, 2026, the presiding district judge issued his Order Adopting Findings and Recommendations Denying Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 63.)

After Plaintiff filed a change of address notice, on April 15, 2026, the Court issued an order directing the Clerk of the Court to re-serve Plaintiff with the service documents at her new address and directed Plaintiff to complete and return the service documents no later than May 15, 2026. (Doc. 65.)

On May 27, 2026, after the May 15 deadline expired without a response, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Return Service Documents. (Doc. 66.) Plaintiff was ordered to file a written response to the OSC within 21 days, or, alternatively, to return the completed service documents. (*Id*. at 3.)

On June 29, 2026, Plaintiff filed a document titled "Rebuttal." (Doc. 68.) Therein, she claimed she filled out the forms at USP Canaan and sent them to the Court in the same envelope as a request for extension of time, had not "received any new USM forms" in April or May and therefore did not "have any forms to mail in," stated she did not have funds "to keep mailing the same thing over & over," and asked the Court to "resend the forms" because "she never got them." (*Id*.)

Thereafter, the Court issued its Order Directing the Clerk of the Court to Re-Serve Plaintiff with the Service Documents and Order Directing Plaintiff to Return the Completed

Service Documents No Later Thank July 31, 2026. (Doc. 69.)

On August 3, 2026, Plaintiff filed the Notice of Submission of Documents form. (Doc. 70.)

On August 7, 2026, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Incomplete Submission of Service Documents. (Doc. 71.) Therein, the Court addressed the deficiencies in Plaintiff's submission (*id*. at 3-6) and directed her to provide explanations for those deficiencies within 21 days (*id*. at 6-7).

On September 3, 2026,[1] Plaintiff filed a document titled "Motion of Rebuttal/Motion for Counsel." (Doc. 72.)

## II. DISCUSSION

### *Plaintiff's Response to the OSC*

In response to the OSC, Plaintiff states that on July 22, 2026, she placed all completed service related documents "in the hands of mailroom supervisors Ms. Ybarra's hand for delivery" to the Court. (Doc. 71 at 1.) She states "Officer Fragoso opened [her] food port slot so Ms. Ybarra could get the legal mail from" her. (*Id*.) Further, Plaintiff states Ybarra "went through the legal mail & sealed it" at the cell door, a transaction which would appear on "the electronic surveillance cameras." (*Id*.) Thus, Plaintiff asserts Ybarra was in possession of Plaintiff's legal mail when it was "either lost or tampered with" and further asserts that "in either case [Ybarra] should be punished, fired, or demoted at the least." (*Id*. at 1-2.)

Next, Plaintiff states the related envelope bore 16 stamps to ensure that the "one-hundred thirty four (134) pieces of paper" making up the service documents would be delivered to the Court. (Doc. 71 at 2.) She states that due to her indigency, in order to "get the stamps [she] needed," she "sold [her] trays." (*Id*.)

Plaintiff "re submits" her request for the appointment of counsel, stating "it's obvious that F.B.O.P. staff are constantly tampering with [her] mail both incoming & outgoing." (Doc. 71 at 2.) She states the OSC was delivered to her on "August 18, 2026 in the regular mail" and asks the

[1] The document is dated August 20, 2026, and includes a proof of service dated August 21, 2026.

Court "to check the incoming mail log and appoint Plaintiff counsel." (*Id.* at 2-3.) Further, Plaintiff asks the Court "to advise the Clerk that all mail must bear the Clerk's name & phone number so that prison staff can contact the Clerk to verify that the mail came from this Court & should be clearly stamped legal mail open only in presence of the inmate." (*Id.* at 3.) Plaintiff asserts that "if all 3 are not displayed on the envelope the mailed item will be treated as regular mail," that may be delayed for "up to a month." (*Id.*)

Under the heading "Relief Sought," Plaintiff asks the Court to "conduct an investigation against Mailroom Officer Ms. Unknown Ybarra for possible mail tampering charges," to re-send the service documents and to grant her 30 days within which to return the service documents, and to appoint her an attorney. (*Id.*)

***Analysis***

First, the Court will discharge the OSC considering Plaintiff's response. Further, the Court will direct the Clerk of the Court to re-send the service documents and order their return by October 16, 2026.

Second, the Court addresses Plaintiff's statements regarding this Court's outgoing legal correspondence. Since at least January 2026, mail sent from this Court has been addressed to "Norvell Andrew, 13503-042" at the federal penitentiary in which Plaintiff was then housed and includes the following notation: "SPECIAL MAIL Open Only in the Presence of Inmate." For example, when the Court issued and served the OSC, the envelope was addressed as follows:

**Norvell Andrew**<br>
13503-042<br>
USP TUCSON (24550)<br>
SPECIAL MAIL Open Only in the Presence of Inmate<br>
U.S. PENITENTIARY<br>
P.O. Box 24550<br>
Tucson, AZ 85734<br>
PRO SE

The envelopes used by the Clerk of the Court include the Court's identification as a "United States District Court" for the "Eastern District of California," the "Office of the Clerk," and the phrase "Official Business." The large manilla envelope includes the Court's complete

physical street address whereas the regular business envelope includes "Fresno, California 93721-1318," as shown below.




To the extent Plaintiff contends the Court's correspondence must include "the Clerk's name & phone number" to be treated as legal mail, the undersigned is not persuaded. Plaintiff fails to reference any Bureau of Prisons regulation or other authority in support of her statement and the Court is aware of none that requires "the Clerk's name & phone number." The Code of Federal Regulations states, in relevant part: "Special mail also includes correspondence received

from the following: … U.S. Courts …. For incoming correspondence to be processed under the special mail procedures (see §§ 540.18-540.19), the sender must be adequately identified on the envelope and the front of the envelope must be marked 'Special Mail – Open only in the presence of the inmate.'" *See* 28 C.F.R. § 540.2(c), Definitions. Therefore, the undersigned finds the Clerk of the Court is complying with Bureau of Prisons regulations concerning mail addressed to federal inmates.

Next, regarding Plaintiff's request that this Court "conduct an investigation against Mailroom Officer Ms. Unknown Ybarra for possible mail tampering charges," the Court does not conduct investigations. *See, e.g.*, *Merino v. Gomez*, No. 2:21-cv-0572 TLN KJN P, 2022 WL 16575651, at *1 (E.D. Cal. Nov. 1, 2022) ("The court is not authorized to conduct an investigation on plaintiff's behalf. The court is also not authorized to conduct discovery on plaintiff's behalf"); *Bullock v. Sheela*, No. 1:14-cv-00092-DAD-EPG-PC, 2018 WL 1110778, at *3 (E.D. Cal. Mar. 1, 2018) ("The doctrine of separation of powers precludes federal courts from ordering criminal investigations and prosecutions … Prosecutorial agencies have exclusive authority to conduct criminal investigations and prosecutions"); *Sutherland v. Yates*, No. 1:09-cv-02152-LJO-GSA-PC, 2013 WL 5946165, at *1 (E.D. Cal. Nov. 6, 2013) (denying reconsideration of plaintiff's request the court "conduct an investigation" and "impose sanctions against [a defendant] for witness tampering, noting "the court lacks the authority to initiate the investigation or impose the sanctions sought"). Thus, the request is denied.

Finally, as concerns Plaintiff's motion for the appointment of counsel, the appointment of counsel is not warranted. As previously explained (*see* Doc. 28 at 4-7), prisoner plaintiffs do not have a constitutional right to the appointment of counsel in civil rights actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Nevertheless, in exceptional circumstances, the Court can request the voluntary assistance of counsel pursuant to 28 U.S.C. section 1915(e)(1). Here, Plaintiff asserts that the constant "tampering" with her incoming and outgoing mail by federal officials warrants the appointment of counsel. But courts have found such circumstances are not exceptional. *See, e.g.*, *Robinson v. Hitchingham*, No. 1:24-cv-125, 2025 WL 2924658, at *4 (W.D. Mich. June 30, 2025) (denying appointment of counsel and stating "Plaintiff's claims

regarding alleged interference with legal mail and alleged retaliation by MDOC employees do not raise exceptional circumstances"); *Calloway v. YouSee*, No. 1:21-cv-01450-JLT-BAM (PC), 2023 WL 4711035, at *3 (E.D. Cal. July 24, 2023) (denying appointment of counsel and stating "Plaintiff's speculative arguments regarding interference with his outgoing legal mail are not sufficient for the Court to appoint him counsel"); *Allen v. Currier*, No. 20-CV-1389 JLS (LR), 2023 WL 2087963, at *3 (S.D. Cal. Feb. 17, 2023) (same); *Jackson v. County of Madera*, No. 1:22-cv-00069-DAD-EPG, 2022 WL 224026, at *1 (E.D. Cal. Jan. 25, 2022) (same). In short, Plaintiff's motion for the appointment of counsel will be denied.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The OSC issued August 7, 2026 (Doc. 71) is **DISCHARGED**;
2. The Clerk of the Court is **DIRECTED** to re-serve Plaintiff with the service forms and related documents originally served to Plaintiff on January 22, 2026 (all documents listed on page 2 of docket entry number 59);
3. Plaintiff **SHALL** complete and return all service documents **no later than October 16, 2026**; and
4. Plaintiff's motion for the appointment of counsel (Doc. 72) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE