UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NORVELL ANDREW,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No.: 1:22-cv-01290-KES-CDB (PC)

**ORDER DIRECTING CLERK OF COURT TO RE-SERVE SERVICE DOCUMENTS**

**ORDER DIRECTING PLAINTIFF TO RETURN COMPLETED SERVICE DOCUMENTS BY DECEMBER 15, 2026**

Plaintiff Norvell Andrew is a federal prisoner proceeding pro se and *in forma pauperis* in this civil rights action.

## I. RELEVANT PROCEDURAL BACKGROUND

On January 22, 2026, this Court issued its Order Finding Service of Third Amended Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days. (Doc. 59.) Specifically, service was appropriate for Defendants Palentghi, Placencia, and Spheres. (*Id*. at 3.) Plaintiff was provided with USM-285 forms, summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of her third amended complaint, and was directed to return the completed documents within 30 days. (*Id*. at 2-3.)

On March 3, 2026, Plaintiff filed a request for extension of time concerning the service documents and sought a court order "to force USP Canaan staff to issue plaintiff an ink pen to

draft legal documents with." (Doc. 60.)

On March 5, 2026, the undersigned issued an Order Granting Extension of Time Within Which to Complete and Return Previously Forwarded Service Documents, as well as Findings and Recommendations to Deny Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 62.)

On April 1, 2026, the assigned district judge issued the Order Adopting Findings and Recommendations Denying Plaintiff's Request for an Ink Pen to Draft Legal Documents. (Doc. 63.)

After Plaintiff filed a change of address notice, on April 15, 2026, the Court issued an order directing the Clerk of the Court to re-serve Plaintiff with the service documents at her new address and directed Plaintiff to complete and return the service documents no later than May 15, 2026. (Doc. 65.)

On May 27, 2026, after the May 15 deadline expired without a response, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Return Service Documents. (Doc. 66.) Plaintiff was ordered to file a written response to the OSC within 21 days, or, alternatively, to return the completed service documents. (*Id.* at 3.)

On June 29, 2026, Plaintiff filed a document titled "Rebuttal." (Doc. 68.) She claimed she filled out the forms at USP Canaan and sent them to the Court in the same envelope as a request for extension of time, had not "received any new USM forms" in April or May and therefore did not "have any forms to mail in," stated she did not have funds "to keep mailing the same thing over & over," and asked the Court to "resend the forms" because "she never got them." (*Id.*)

Thereafter, the Court issued its Order Directing the Clerk of the Court to Re-Serve Plaintiff with the Service Documents and Order Directing Plaintiff to Return the Completed Service Documents No Later Than July 31, 2026. (Doc. 69.)

On August 3, 2026, Plaintiff filed the Notice of Submission of Documents form. (Doc. 70.)

On August 7, 2026, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Incomplete Submission of Service Documents. (Doc. 71.)

The Court addressed the deficiencies in Plaintiff's submission (*id*. at 3-6) and directed her to provide explanations for those deficiencies within 21 days (*id*. at 6-7).

In response, on September 3, 2026,[1] Plaintiff filed a document titled "Motion of Rebuttal/Motion for Counsel." (Doc. 72.)

On September 16, 2026, the Court issued its Order Discharging Order to Show Cause, Order Directing Clerk of Court to Re-Serve Service Documents, and Order Denying Plaintiff's Motion to Appoint Counsel. (Doc. 73.) Plaintiff was served that same date to the address on record with the Court; it includes the following notation: "SPECIAL MAIL Open Only in the Presence of Inmate."

Thereafter, on October 14, 2026, the mail directed to Plaintiff was returned to the Court marked Undeliverable, Return to Sender, Not Deliverable as Addressed, and Unable to Forward. Moreover, the returned mail included the following notation: "This correspondence was not delivered to the inmate due to it being determined detrimental to the security, good order, or discipline of the institution, to the protection of the public, or it might facilitate criminal activity."

As reflected in the minute order issued November 9, 2026, the Court engaged in informal discussions with staff at the United States Attorney's Office concerning the mail withheld from Plaintiff and returned to the Court. The undersigned was advised that Bureau of Prisons Regional Counsel has taken action to ensure proper procedures are in place moving forward. (*See* Docket Entry 74.)

## II. DISCUSSION

The Court will again direct the Clerk of the Court to re-send the service documents to Plaintiff for completion. Further, Plaintiff will be directed to return the completed service documents no later than December 15, 2026.

Following discussion with appropriate authorities, the Court expects that issues related to Plaintiff's receipt of the Court's earlier orders have been resolved and that service of process will commence in the near future.

---

[1] The document is dated August 20, 2026, and includes a proof of service dated August 21, 2026.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is **DIRECTED** to re-serve Plaintiff with the service forms and related documents originally served to Plaintiff on January 22, 2026 (all documents listed on page 2 of docket entry number 59); and
2. Plaintiff **SHALL** complete and return all service documents **no later than December 15, 2026**.

IT IS SO ORDERED.

Dated: **November 9, 2026**

UNITED STATES MAGISTRATE JUDGE